LIB HART ET AL. v. MYRA HUNTER, ADM'X., ET AL.

Decided October 24, 1908.

**1.—Evidence—Judgment—Fraud.**

That a judgment was obtained by fraud may affect its validity but not its admissibility as evidence. The fraud must be shown by extrinsic evidence.

**2.—Intervention—Citation—Practice—Statute.**

Where a mother sued for herself and as next friend of her minor children, it was not necessary under the provisions of article 3498u, Revised Statutes, that said plaintiffs be served with citation on an intervener's pleading. In such case the mother as next friend, had the same right as a guardian to institute the suit, and hence the minors were on the same footing as other litigants.

**3.—Citation—New Cause of Action—Practice.**

It is only in those cases in which no appearance has been made that service must be had upon the opposite party of a new cause of action pleaded. Service of citation is waived by a legal appearance.

**4.—Judgment by Agreement—Attorney for Minor—Statute Construed.**

Evidence considered as to a compromise judgment entered by agreement of attorneys for minors, whereby the minors were divested of the title to land, and held insufficient to support a charge of fraud against said attorneys. Under the provisions of article 3498v, Revised Statutes, an attorney of record for minor litigants may, with the approval of the court, agree to a compromise of the minor's rights.

**5.—Judgment—Absence of Pleading—Nullity.**

A judgment rendered without pleading to support it is void and may be collaterally attacked. Judgment and pleading considered, and judgment held void and properly excluded as evidence because on the face of the record there was no pleading to authorize it.

Appeal from the District Court of Hood County. Tried below before Hon. W. J. Oxford.

*J. G. Matthews, John J. Hiner, R. R. Neyland* and *J. S. Sherill,* for appellants.—Where attorneys, under a contract with the mother of minor children for a contingent fee, bring suit in favor of the mother, who sues in her own behalf and as next friend of her minor children, agree and conspire with a third party for the third party to obtain leave to intervene, and does intervene, and sues both plaintiffs and defendants in the original suit, with the understanding that third party is to take judgment for the land, or a large portion of the same, and deed it to the attorneys, and by such means obtain title out of said mother and minor children, and place it in the attorneys, and said attorneys agree to a judgment in favor of said third party for said land, without any citation or service of any kind being issued or served on the mother and minor children, and without any prayer for citation in the petition of intervener, and without sufficient time for citation to be issued or served, and without any guardian ad litem appointed by the court to represent the minors, and without any answer filed by the mother and minor children, and without any power of attorney filed among the papers and a recital of the contents of the same contained in the judgment, said judgment is void. Oneal v. Clymer, 52 S. W., 620; Sayles' Rev. Stats., arts. 1348, 1349 and 1350; Lauderdale v. Ennis, 24 S. W., 834; Harris v. Schlinke, 95 Texas, 88; Fox v. Robbins, 62 S. W., 815; Nabors v. McCord, 100 Texas, 456; Shannon v. Marmaduke, 14 Texas, 217; Cetti v. Dunman, 64 S. W., 787.

Where attorneys, acting under a contract made with one of them by the mother of two minor children and herself, whereby she authorizes said attorneys "to sue for and manage and recover for us, and each of us, or either of us, by suit, compromise or any other way, any and all real estate, property and lands and tenements and hereditaments of any and all kinds whatever situated in Hood County, State of Texas; to sue for and compromise and obtain and recover for us, in any way and manner that to him may seem best for our interest, or the interest of any or either of us, giving, granting and conveying to the said A. R.

Cushman for and in consideration aforesaid, one-half of any and all things, values and perquisites so recovered and obtained for us, and the court shall so decree and enter judgment herein; further giving and granting to the said A. R. Cushman, our said attorney and next friend, full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully, to all intents and purposes, as we or either of us might or could do if personally present," would not be authorized under said power of attorney to bring suit in favor of the mother in her own behalf, and as the mother and next friend of two minor children, and, while said suit is pending, agree with a third party for said third party to intervene and claim the land, and said attorneys, without citation or service of process or any other notice of the claim of an intervener to agree to a judgment in favor of the said intervener for a large portion of the land of said minors and the mother of the same, and without said authority being recited in the judgment, said judgment would be obtained without authority. Morton v. Morris, 27 Texas Civ. App., 262; Oneal v. Clymer, 52 S. W., 620; Harris v. Schlink, 95 Texas, 88.

Where one of three attorneys obtains a contract with the mother of minor children, under the terms of which she authorizes him as far as she is able to do to bring suit for her and the minor children for the recovery of a large tract of land, and agrees to give him one-half of what he can recover, she signing said contract for herself and natural guardian for the minor children, and said attorney, in connection with another firm of lawyers, by virtue of said contract brings suit in the District Court of Hood County, Texas, in favor of the mother and two minor children, the said children suing by their mother as next friend, and stating their residence to be in Hunt County, Texas, and against certain named defendants; and while said suit is pending, and without authority given them in said contract, and without the knowledge or consent of the said mother and minor children, agrees and conspires with a third party to said suit for the said third party to obtain leave of the court and intervene in said suit, and claim the entire tract of land sued for, and the intervener files his petition against plaintiffs and defendants on the 24th of September, 1895, and amends his petition of intervention on the 9th, in both of which pleas of intervention he fails to give the names and residence of the parties he sues, but the original petition shows that two of the plaintiffs are minors, and on the 10th day of October, 1895, without any service or citation notifying the mother and minor children of the claim of said party, and without said petition for intervener or the amendment being sworn to, and without any guardian ad litem being appointed by the court, enters an agreed judgment and compromise with said intervener, without being authorized by said contract, and without said instrument being filed among the papers of the case or a recital of the contents of the same contained in the judgment, such judgment is void on direct attack. Fox v. Robbins, 62 S. W., 815; Morton v. Morris, 27 Texas Civ. App., 262; Harris v. Schlink, 95 Texas, 88; Oneal v. Clymer, 52 S. W., 620.

Where in a suit of trespass to try title for land, filed by C. A. Hart against S. A. Hart, Lib Hart, Mildred Hart, G. A. Rucker and others, as defendants, the face of the judgment record shows that there was no

pleading filed by G. A. Rucker asking relief against S. A. Hart and Lib Hart and Mildred Hart, a judgment in favor of G. A. Rucker that he have and recover of S. A. Hart and Lib Hart and Mildred Hart the land in controversy, is absolutely void and subject to collateral attack. Watt v. Parlin & Orendorff Co., 44 Texas Civ. App., 438; Sayles' Rev. Stats., art. 1348; Lauderdale v. Ennis, 24 S. W., 834; Hill v. Dons, 37 S. W., 638; Stanley v. King, 45 Texas Civ. App., 414; Houston, E. & W. T. Ry. Co. v. Skeeter Bros., 44 Texas Civ. App., 105.

*H. D. Payne, W. L. Dean, F. H. Chandler, Lee Riddle* and *B. M. Estes,* for appellees.——When attorneys, by contract with the mother of minor children, for herself and minor children agree to sue for and recover land on a contingent fee of one-half of the recovery, and do sue for them, acting under said contract, and the court is advised of the settlement of the suit by agreed judgment and approves the judgment and division of the lands in the judgment, he thereby approves the contract made as a reasonable fee on the part of the minors, and the minors are bound thereby, and it makes no difference the means or mode used by the attorneys to vest title in themselves to their part of the land so earned in the case on contingent fee; and a judgment rendered giving each his part is valid. Sayles' Civ. Stats., art. 3498v.

A judgment is not void for irregularities, but voidable only, and is binding and imports absolute verity until set aside by a direct proceeding for that purpose, and all rights that grow up under the judgment while subsisting will be protected, although there be some latent defect that would justify a court of equity in setting the same aside between the same parties and holding it not binding. Alston v. Emmerson, 83 Texas, 231; McAnear v. Epperson, 54 Texas, 220; Wheeler v. Ahrenbeak, 54 Texas, 536; Thomas v. Jones, 10 Texas, 52.

A judgment of the District Court, in a case where minors have sued for land by their mother as next friend, she also suing for the same, and where an intervener intervenes in said cause and claims the land, and where no citation is issued or served on the minor or mother of the intervener's claim, and where the trial is had or agreed judgment is entered, without such service or citation, at the best the judgment could only be voidable, and could only be set aside by proper action, at the proper time, and before the intervention of the rights of innocent third parties. Alston v. Emmerson, 83 Texas, 231; McAnear v. Epperson, 54 Texas, 220; Wheeler v. Ahrenbeak, 54 Texas, 586; Thomas v. Jones, 10 Texas, 52; Sayles' Rev. Civ. Stats., art. 3498v.

SPEER, ASSOCIATE JUSTICE.——S. A. Green, Lib Hart and Mildred Hart, surviving wife and children respectively of C. C. Hart, who died intestate on November 6, 1889, brought this suit of trespass to try title to recover from the appellees a tract of land situated in Hood County, and to have declared void two certain judgments of the District Court of that county in favor of G. A. Rucker, wherein the title had been divested out of these plaintiffs and vested in the said Rucker. Issue was properly joined and a trial had before the court, which resulted in a judgment in favor of the defendants, and the plaintiffs have appealed.

C. C. Hart died seized of the lands in controversy, but appellants can

not recover unless they succeed in avoiding the two judgments referred to and hereafter set out. The validity of the first judgment, which for convenience will be referred to as judgment in cause No. 948, is first attacked by an objection to the same when offered in evidence by appellees. The judgment itself is as follows:

"S. A. Hart v. J. E. Arrington et al., under date of October 10, 1895.

"This day this cause coming on to be heard the plaintiffs appeared by attorneys, the intervener G. A. Rucker appeared by attorney, and the defendants J. E. Arrington and J. C. Archer appeared in person and disclaimed any interest in the subject matter of the suit, and the defendants A. J. Rigsby and John Kuykendall appeared not, but wholly made default, though they were duly and legally served to appear, and it appearing that the defendants Hal Caulder and Ed Caulder, and Ft. Worth & Rio Grande Railroad Company, have not been cited, plaintiffs and intervener discontinue their suit as to them. A jury being waived, all matters of facts as well as of law were submitted to the court, who, after hearing all the evidence and argument of counsel, is of the opinion that the plaintiffs Mrs. S. A. Hart, and Lib Hart, and Mildred Hart, and the intervener G. A. Rucker, do have and recover of the defendants A. J. Rigsby and John Kuykendall all the right, title and interest which they have in and to the following described tract of land, to wit: All the land described in plaintiff's petition, and that all the title which the said A. J. Rigsby and John Kuykendall have in said tract of land be divested out of them and vested in the plaintiffs and intervener, and that they have their writ of possession against said defendants; and further, that the defendants J. E. Arrington and J. C. Archer go hence without day and recover of plaintiffs and intervener their costs of suit, for which let execution issue.

"The court further finds that the plaintiffs, Mrs. S. A. Hart and Lib Hart and Mildred Hart, through their attorneys of record A. R. Cushman and Riddle & Martin, have entered into an agreed judgment and compromise with the intervener G. A. Rucker, as to the disposition of the land involved in this suit, and the court, after carefully examining the same, finds it to be for the best interests of the plaintiffs that said agreement and compromise be made, approves the same and enters his decree upon said agreement and compromise. It is therefore ordered, adjudged and decreed that the plaintiffs Mrs. S. A. Hart, Lib Hart and Mildred Hart, do have and recover of the intervener, G. A. Rucker, the following described tract of land, being a portion of the 1160-acre survey of land in Hood County, Texas, patented to Pleasant Thorp, assignee of James S. Turner, and more particularly described as follows: Beginning at the N. E. corner of the Richard Rains survey. Thence S. 30 E. 450 varas, a stake for corner. Thence N. 60 E. 1545 varas, a stake for corner. Thence N. 30 W. 450 varas, a rock for corner. Thence S. 60 W. 737 varas, a rock for corner. Thence N. 30 W. 160 varas, a rock for corner. Thence S. 60 W. 950 varas, a rock for corner. Thence N. 30 W. 950 varas to original N. B. line. Thence S. 60 W. to the N. E. corner of a tract out of this survey sold to Z. E. Coombs, 250 varas. Thence S. 30 E. 1296 varas to the N. B. line of the R. Rains survey. Thence N. 60 E. to the place of beginning. And that all the right, title and interest which the said G. A. Rucker has to the above described tract of land be

divested out of him and vested in Mrs. S. A. Hart and Lib Hart and Mildred Hart, and that they have their writ of possession.

"It is further ordered, adjudged and decreed that the intervener G. A. Rucker do have and recover of the plaintiffs, Mrs. S. A. Hart, Lib Hart and Mildred Hart, the following described tract of land, being a portion of the 1160-acre survey of land in Hood County, Texas, patented to Pleasant Thorp, assignee of James S. Turner, and more particularly described as follows: Beginning at the S. E. corner of a 320-acre tract out of said Turner survey sold by William Jernigan to R. Clark on the N. line of T. W. Bundick's survey. Thence N. 60 E. to the S. W. corner of the T. W. Arrington 160-acre tract. Thence N. 30 W. with the west line of said Arrington survey to the west line of the E. Bolton survey. Thence N. 30 W. with the west line of said Bolton survey to its N. W. corner. Thence N. 60 E. to the S. W. corner of the McKinney & Williams survey. Thence N. 30 W. with the west line of said McKinney & Williams survey to its N. W. corner. Thence S. 60 W. 737 varas to the S. W. corner of the Lee Roark survey. Thence N. 30 W. 160 varas to the S. E. corner of a tract of 160 acres of this survey sold by J. D. McCamant to S. Jacobs & Co., and now lived on and claimed by I. W. Walley. Thence S. 60 W. with the S. line of said Jacobs tract to its S. W. corner. Thence N. 30 W. 1008 varas to the N. W. corner of the said Jacobs tract. Thence S. 60 W. 1054 varas, a stake for corner. Thence S. 30 E. 160 varas. Thence N. 60 E. 737 varas, a rock for corner. Thence S. 30 E. 450 varas, a stake for corner. Thence S. 60 W. 1545 varas to the E. B. line of the R. Rains survey. Thence S. 30 E. 991 varas to the N. W. corner of a 320 acres sold out of this survey to R. Clark. Thence N. 60 E. 1329 varas to the N. E. corner of said Clark survey. Thence S. 30 E. to the place of beginning. And that all right, title and interest which the said Mrs. S. A. Hart and Lib Hart and Mildred Hart have in and to the last above named tract of land be divested out of them and vested in the said G. A. Rucker.

"It is further ordered that plaintiffs have and recover of intervener G. A. Rucker all costs in this behalf expended, for which let execution issue. It is further ordered that the said G. A. Rucker have his writ of possession for the above described tract of land."

The suit of S. A. Hart v. J. E. Arrington et al., No. 948, was an action by the present plaintiff, S. A. Green, for herself and as next friend for the other plaintiffs in this case, then minors, to recover the land in controversy from the defendants therein, and was instituted by a firm of attorneys under a contract entered into with Mrs. Green, whereby she agreed to convey to said attorneys one-half of all lands which they might recover for herself and children. G. A. Rucker intervened in the suit and claimed the land as against the plaintiffs and defendants, but no citation was ever issued or served on the plaintiffs and no guardian ad litem was ever appointed by the court to represent the minors, and no answer of any kind was ever filed by the plaintiffs after such intervention, nor was there any power of attorney filed among the papers authorizing the attorneys of plaintiffs to confess judgment, and for these reasons appellants objected to the introduction of the judgment in evidence, and now insist that the overruling of such objection was error. The propositions under the assignment presenting this question also raise

in a general way the objection that the judgment was obtained through fraud by means of a conspiracy between the attorneys for plaintiff and the intervener, and such an objection appears to have been made to the evidence when offered, but it is a sufficient reply to this objection to say that fraud, which, of course, would hardly appear upon the face of the record, must be shown by extrinsic evidence to be weighed by the court or jury trying the case, and could not therefore constitute an objection to the introduction of the judgment in evidence. (Maverick v. Salinas, 15 Texas, 57.)

The objection first stated, however, requires us to determine whether or not it was necessary for the plaintiffs in cause No. 948 to be served with a citation on the intervener's pleadings, seeing that the judgment recites that the plaintiffs "appeared by attorneys." We have resolved this question in the negative. Under article 3498u, Sayles' Texas Civil Statutes, appellant Mrs. Green, as next friend to her minor children, was authorized to institute the suit, and in prosecuting it she had the same rights as though she had been the guardian of such minors, with certain exceptions which do not affect this controversy. This, we take it, placed the minors upon the same footing with other litigants and removes from the consideration any question of the effect of their nonage.

But this conclusion only brings us to a consideration of the real question presented by appellants, and that is that all of the plaintiffs in that case, including the mother, should have been cited to answer the intervention, and the case of Harris v. Schlinke, 95 Texas, 88, and the line of cases following it, are pressed upon us as being decisive of the matter. But with that decision there can be no quarrel in this, as the following excerpt from the opinion stating the only question before the court will show: "The only question presented in this case is, Did the court have jurisdiction of the plaintiffs in this suit to render judgment against them upon the cross-bill filed by the defendant Schlinke, there being no service upon the plaintiffs, they not having appeared in the case after the cross-bill was filed?" And so, in the other authorities cited by appellants, a service upon the opposite party of the new cause of action pleaded was only required in those cases where there was not an appearance, and in the nature of things this must be so, since undoubtedly service of citation is waived by a legal appearance. See Smithers v. Smith, 35 Texas Civ. App., 508; Mueller v. Heidemeyer, 49 Texas Civ. App., 259, in each of which cases a writ of error was denied.

We think the judgment on its face sufficiently disposes of the subject matter and of the parties, and is not subject to any of the objections urged in appellants' brief, and the court therefore committed no error in admitting it in evidence.

The refusal of the court to vacate the judgment is made the next ground of attack, but in this, too, we rule against appellants. Without deciding whether this is a direct or a collateral attack on the judgment (see Scudder v. Cox, 35 Texas Civ. App., 416, and authorities there cited), but treating it as a direct attack for fraud, we are of the opinion that not only is the finding of the court upon that issue supported, but in fact we find no evidence whatever of fraud on the part of the attorneys representing the plaintiffs in that case. The charge of fraud ap-

pears to grow out of the fact that the attorneys for plaintiffs entered into the agreement shown in the judgment, whereby the intervener, Rucker, should recover one-half of the land, when perhaps Rucker could not upon a trial have recovered anything, as an effective means of divesting the title of the minor children to the land awarded to Rucker, which was immediately thereafter conveyed to the attorneys as their share of the recovery under the contract with Mrs. Hart. The testimony shows that the whole matter was fully explained to the district judge, and the most, therefore, that can be said of it is that the proceedings were irregular, but it may be doubted that even this is true, in view of article 3498v, Sayles' Texas Civil Statutes, which reads as follows: "Such next friend, or the attorney of record of such minor may enter into such agreed judgment or compromise in such suit as the court may approve, and the decree entered upon such agreement or compromise, when approved by the court, shall be forever binding on said minor, and can divest title out of the minor or vest it in him, when the court is satisfied such decree is for the best interest of the minor under all the circumstances; and the court may hear evidence touching upon such agreement or compromise before approving the same."

These conclusions result in an affirmance of the judgment as to those appellees claiming only the lands involved in cause No. 948.

The second judgment, attacked both by an objection to the evidence and error to the court's failure to vacate it, is as follows:

"C. A. Hart et al. v. S. A. Hart et al.    No. 996.    April 15, 1898.

"This day this cause being called for trial, when all the parties appeared by attorneys, and it appearing to the court that the defendants Lib Hart and Mildred Hart are minors, it is ordered that T. O. Martin be, and he is hereby, appointed guardian *ad litem* for said minors, to appear and answer for them and represent their interest herein, whereupon said Martin appeared and answered for said minors, when all the parties announced ready for trial, a jury being waived, and all matters of facts, as well as of law, was submitted to the court, and the court, after hearing the pleadings, the evidence and argument of counsel, is of opinion that the defendant G. A. Rucker is entitled to recover the following tract of land, portions of the land in controversy herein, to wit: Being a portion of the J. S. Turner survey described as follows: Beginning at the N. E. corner of the R. Rains survey. Thence S. 30 E. 450 varas, a stake. Thence N. 60 E. 1545 varas, a stake for corner. Thence N. 30 W. 450 varas, a rock. Thence S. 60 W. 737 varas, a rock. Thence N. 30 W. 160 varas, a rock. Thence S. 60 W. 950 varas, a rock. Thence N. 30 W. 950 varas to the N. B. line of the original survey. Thence S. 60 W. to the N. E. corner of a tract of this survey sold to Z. E. Coombs, 250 varas. Thence S. 30 E. 1296 varas to the N. B. line of the R. Rains survey. Thence N. 60 W. to the beginning, containing 260 acres of land. Also a tract of land described as follows: Beginning 960 varas S. 60 W. from the N. E. corner of the J. S. Turner survey and the N. W. corner of the I. W. Walley survey, a rock on the south line of the Willis Phillips survey. Thence S. 60 W. 1054 varas to a stake. Thence S. 20 E. 950 varas, a rock. N. 60 E. 950 varas, a rock. Thence S. 30 E. 160 varas. Thence N. 60 E. 743 varas to the N. E. corner of the 260-acre tract of the Hart survey. Thence N. 30 W. 160 varas to a stake on the

S. line of the I. W. Walley survey. Thence S. 60 W. 640 varas to his S. W. corner. Thence N. 30 W. 950 varas with the west line of said survey. Also a tract of land described as follows: Beginning at the S. W. corner of the Lee Roark survey, a rock, a P. O., S. 50 W. varas, do. P. O., 2 W. 10 varas S. 60 W. 207 varas, N. W. corner of a survey for A. J. Rigsby. Thence S. 30 E. 950 varas, a rock in the N. line of J. A. Kuykendall tract. Thence N. 60 W. 104 varas to a rock, a P. O. brs. S. 4 E. 70 varas, do. brs. S. 41 E. 53 varas, do. brs. N. 18 E. 14 varas. Thence N. 30 W. 1110 varas to the S. line of the I. W. Walley survey. Thence N. 60 E. 711 varas to Walley's S. E. corner. Thence S. 30 E. 120 varas to the beginning.

"It is therefore ordered, adjudged and decreed by the court that the defendant G. A. Rucker do have and recover of and from all the other parties to this suit, to wit, C. A. Hart, Lib Hart, Mildred Hart, A. J. Rigsby and J. R. Kuykendall, the title and possession of the said above described tracts of land, and that writ of possession issue in his favor to put him in possession thereof. And that A. J. Rigsby do have and recover of and from all the other parties to this suit, to wit, C. A. Hart, Mrs. S. A. Hart, Lib Hart, Mildred Hart and J. R. Kuykendall, the following described lands in controversy in this suit, to wit: All that certain tract or parcel of land situated in Hood County, Texas, on the waters of Stroud's Creek, 160 acres, and being known as and called a part of the J. S. Turner survey, and also being the same land surveyed for said defendant A. J. Rigsby as a pre-emption homestead claim, and being more particularly described as follows: Beginning at the S. W. corner of the McKinney and Williams survey of 160 acres, also the S. E. corner of the said A. J. Rigsby survey. Thence S. 60 W. 980 varas to the said Rigsby S. W. corner. Thence N. 30 W. 980 varas to said Rigsby S. W. corner. Thence N. 30 W. 980 varas to his N. W. corner. Thence N. 60 E. 950 varas to said Rigsby N. E. corner, also N. W. corner of said McKinney and Williams survey. Thence S. 30 E. 950 varas to the place of beginning. ·

"And that J. E. Kuykendall do have and recover of and from all the other parties to this suit, to wit, C. A. Hart, Mrs. S. A. Hart, Lib Hart, Mildred Hart and A. J. Rigsby, the following described lands in controversy in this suit, to wit: All that certain tract or parcel of land situated in Hood County, Texas, on the headwaters of Stroud's Creek, and being known as and called a part of the J. S. Turner survey, and also being the same land surveyed for the defendant J. R. Kuykendall as a preemption homestead claim. Beginning at the N. W. corner of E. Bolton survey, a rock pile. Thence S. 30 E. 855 varas to T. W. Arrington survey. Thence S. 60 W. 804 varas to T. W. Arrington's N. W. corner, a double black-jack brs. N. 55 W. 1½ varas. Thence N. 30 W. 855 varas, said Kuykendall's N. W. corner. Thence N. 60 E. with the S. line of A. J. Rigsby to the place of beginning, containing 142 acres, more or less. And it is ordered, adjudged and decreed that C. A. Hart, S. A. Hart, Lib Hart, Mildred Hart, recover nothing in this suit, and go hence without day, and that the said Rucker, Rigsby and Kuykendall pay all costs incurred by them, and that officers of this court have execution against C. A. Hart for all their costs incurred."

The objection to this judgment, which we sustain, is that the face of

the records shows there was no pleading to authorize it. In cause No. 996, in which this judgment was rendered, C. A. Hart, a brother of the deceased C. C. Hart, sued these appellants, G. A. Rucker and others, to recover the lands in controversy in this suit, and to set aside a deed made by him to C. C. Hart, through which the defendants claimed. G. A. Rucker disclaimed, but later filed the following amended answer, to wit:

"C. A. Hart v. S. A. Hart et al. Suit pending in the District Court of Hood County, Texas, No. 996. March Term, 1898.

"And now comes the defendant G. A. Rucker, one of the defendants in the above stated and numbered cause, leave of the court being first obtained for that purpose, and amends his original answer filed in this cause on March 23, 1897, and alleges and avers in lieu thereof as follows:

"And now comes the defendant G. A. Rucker, in the above stated and numbered cause, and excepts and demurs to plaintiffs' petition, and says that same is wholly insufficient in law, and of this he prays the judgment of the court on said demurrer and exceptions.

"And for further answer herein said defendant G. A. Rucker says that he is not guilty of the many wrongs, injuries and trespasses alleged against him in plaintiffs' petition, any or either of them, as to the following described lands sued for in this case, to wit: 1st tract.—Beginning at the S. W. corner of the Lee Roark survey, a rock, a P. O., S. 50 W. — varas, do. S. 30 W. 10, S. 60 W. 207 varas. N. W. corner of a survey for A. J. Rigsby. Thence S. 30 E. 950 varas to rock in the north line of J. R. Kuykendall, a rock. Thence S. 60 W. 104 varas to a rock, a P. O. brs. S. 46 — 70 varas, do. brs. S. 41 E. 53 varas, a P. O., N. 18 E. 14 varas. Thence N. 30 W. 1110 varas to the south line of I. W. Walley survey. Thence N. 60 E. 711 varas to Walley's S. E. corner. Thence S. 30 E. 120 varas to the beginning.

"Also the following described lands: Beginning 960 varas S. 60 W. from the N. E. corner of the James Turner survey, a rock on the south line of Willis Phillips' survey. Thence S. 60 W. 1054 varas to a stake. Thence S. 30 E. 950 varas, a rock. N. 60 E. 950 varas, a rock. Thence S. 30 E. 160 varas. Thence N. 60 E. 743 varas to the N. E. corner of 260-acre tract of the Hart survey. Thence N. 30 W. 160 varas to a stake on the south line of G. W. Walley survey. Thence S. 60 W. 640 varas to his S. W. corner. Thence N. 30 W. 950 varas with the west line of the said Walley survey.

"Also the following described lands described in plaintiffs' petition, to wit: Beginning at the N. E. corner of the R. Rains survey. Thence S. 30 E. 450 varas, a stake. Thence N. 60 E. 1545 varas, a stake for corner. Thence N. 30 W. 450 varas, a rock. Thence S. 60 W. 732 varas, a rock. Thence N. 30 W. 160 varas, a rock. Thence S. 60 W. 950 varas to the original N. B. line of this survey. Thence S. 60 W. to the N. E. corner of a tract out of this survey sold to Z. E. Coombs, 250 varas. Thence S. 30 E. 1296 varas to the N. B. line of the R. Rains survey. Thence N. 60 E. to the place of beginning.

"Being all the said land the said defendant G. A. Rucker owns and claims out of the tract of land described in plaintiffs' petition, and of this said defendant Rucker puts himself upon the court and country. W. A. Duke, attorney for defendant G. A. Rucker."

The rule seems to be that a judgment based upon defective pleadings, even though such pleadings are bad on general demurrer, is nevertheless not for that reason void, but otherwise where there are no pleadings at all to support the judgment. (Stanley v. King, 45 Texas Civ. App., 414; Houston, E. & W. T. Ry. Co. v. Skeeter Bros., 44 Texas Civ. App., 105; Watt v. Parlin & Orendorff Co., 44 Texas Civ. App., 438.) It would appear upon sound reason that a judgment rendered where no case has been stated or attempted to be stated, is as much a judgment upon a matter *coram non judice,* whatever may be the jurisdiction of the court rendering it, as a judgment upon a case, however perfectly stated, before a court not authorized to hear and determine it. In such a case, as where the record affirmatively shows a want of jurisdiction over the parties or subject matter, the judgment ought, we think, to be treated as a nullity, both on direct and collateral attack.

It follows from this that the judgment of the District Court of Hood County must be reversed as between these appellants and those appellees claiming the lands awarded to Rucker in the judgment rendered in cause No. 996, and there being no contention that such appellees have title except upon the theory of the validity of such judgment, judgment is here rendered in favor of appellants as to so much of the lands in controversy. Affirmed in part and reversed and rendered in part.

### OPINION ON MOTION FOR REHEARING.

On this motion for rehearing by those appellees as against whom we reversed and rendered judgment in appellants' favor, our attention has been called to the fact that in the court below there were certain pleas seeking a recovery for improvements in good faith, and it therefore becomes our duty to remand this branch of the case for a trial upon that issue. It can not be held, as matter of law, that these appellees can not recover for their improvements made in good faith merely because they claim title under a void judgment. See Netzorg v. Green, 26 Texas Civ. App., 119, and cases there cited. Since the cause is to be remanded these appellees will also have an opportunity to be heard on their plea over against their warrantors. The cause is therefore remanded for trial upon the above issues only. Motion granted in part and overruled in part.

*Affirmed in part and reversed and remanded in part.*