## JACKSON et al. v. SLAUGHTER et al.

### No. 6143.

Court of Civil Appeals of Texas. Texarkana.

Dec. 20, 1944.

Rehearing Denied Jan. 25, 1945.

Stewart, Burgess & Morris and W. Carloss Morris, Jr., all of Houston, P. O. Lopp, of Dallas, and C. W. Vickery, of Quitman, for appellants.

Robert F. Higgins and Dillard Baker, both of Houston, Jones & Jones, of Mineola, H. P. Smead, Bramlette, Levy, Gibson & Bolton, McLemore & McLemore, and R. L. Whitehead, all of Longview, and Lasseter, Simpson, Spruiell & Lowry, Oran Lowry, and Weeks, Hankerson & Surles, all of Tyler, for appellees.

HALL, Chief Justice.

This cause grows out of the same transaction as No. 6142, Styled Thelma Cooper Jackson et vir. v. E. M. Slaughter et al., Tex.Civ.App., 185 S.W.2d 759.

The parties are the same, except that in this action H. Grady Cooper, a person of unsound mind, appears by next friend. The evidence and rules of law governing the disposition of the two cases are identical. Therefore the opinion in cause No. 6142 is here adopted as the opinion in this cause as controlling the disposition of all the issues here raised.

It appears from the record that the plaintiff below, H. Grady Cooper, a person of unsound mind, was entitled to a one-twentieth ($\frac{1}{20}$) interest in the surface estate of the land described in the judgment, in this case, through inheritance from his father, Jerry Cooper, plus a one-sixtieth ($\frac{1}{60}$) interest through his deceased uncle, Looney Cooper. Due to a seeming inadvertence in the drafting of the judgment, this interest was not awarded to him. The judgment of the trial court is reformed in this regard so as to award such $\frac{1}{15}$ interest ($\frac{1}{20}$ plus $\frac{1}{60}$) to him, and as reformed, the judgment of the trial court is affirmed.

It is ordered that appellants pay one-half of all costs incurred herein and the appellees, Paul Bramlette, Administrator, Joseph D. and Nellie M. Bramlette, Anna Belcher, and Isadore Maritzky be taxed with one-half the costs in proportion to their respective interests.

### On Motions for Rehearing.

In our original opinion in this case the judgment of the trial court was reformed so as to allow the appellant, H. Grady Cooper, to recover an undivided interest in the surface estate of the land involved, but through inadvertence the interest was set out as an undivided $\frac{1}{15}$ interest when the fractional portion recovered should have been a $\frac{1}{40}$ interest. Accordingly, the opinion is corrected so as to adjudge to such appellant a recovery of an undivided $\frac{1}{40}$ interest in the surface estate of the land described in the judgment. Also, in the motion of the appellee, E. M. Slaughter, our attention is directed to the fact that in the trial court a stipulation between the plaintiffs and E. M. Slaughter was filed in which it was stated that no recovery was sought against the said E. M. Slaughter. Therefore, it is ordered that the opinion herein show that no recovery be had against E. M. Slaughter and that he be discharged with his costs. With these corrections, the motions for rehearing in all things respectfully are overruled.