**JACKSON et al. v. SLAUGHTER et al.**

No. 6142.

Court of Civil Appeals of Texas. Texarkana.

Dec. 20, 1944.

Rehearing Denied Jan. 25, 1945.

See also 185 S.W.2d 764.

Stewart, Burgess & Morris and W. Carloss Morris, Jr., all of Houston, P. O. Lopp, of Dallas, and C. W. Vickery, of Quitman, for appellants.

Robert F. Higgins and Dillard Baker, both of Houston, Jones & Jones, of Mineola, H. P. Smead, Bramlette, Levy, Gibson & Bolton, McLemore & McLemore, and R. L. Whitehead, all of Longview, and Lasseter, Simpson, Spruiell & Lowry, Oran Lowry, and Weeks, Hankerson & Surles, all of Tyler, for appellees.

HARVEY, Justice.

May 1, 1924, R. F. Green brought suit in the District Court of Wood County, Texas, against Anna Belcher and her two brothers, Looney Cooper and Jerry Cooper, together with several other defendants, said cause styled Green v. Belcher et al., No.

5264, in which he sought to recover the fee simple title to a fifty-acre tract of land out of the George Brewer Survey in Wood County. All the defendants were personally served, except Looney Cooper, who was cited by publication. The judgment rendered in the case on June 8, 1925, recited an appearance by him through attorneys, and awarded to R. F. Green an undivided seven-tenths (7/10) interest in the land described in the original petition, with the exception of ten acres in which it was determined he had no interest. The remaining three-tenths (3/10) interest was found to be owned by Anna Belcher, Looney Cooper and Jerry Cooper, in equal shares, through inheritance from their deceased parents, Austin and Lizzie Cooper. The judgment further found that the defendant Jerry Cooper had received out of the estate of Austin and Lizzie Cooper the sum of $125, and that Anna Belcher and Looney Cooper had received nothing out of such estate, by reason of which they ought to recover from Jerry Cooper all of his interest in the land involved in the suit, and it was accordingly decreed that Anna Belcher and Looney Cooper each be vested with a one-half interest in the one-tenth interest that otherwise would have been recovered by Jerry Cooper.

About the year 1943, the record not disclosing the exact file date, Thelma Cooper Jackson, as one of the two heirs at law of her father, Jerry Cooper, filed suit in the District Court of Rusk County, Texas, styled Thelma Cooper Jackson et vir. v. E. M. Slaughter et al., No. 8511, to establish title in her to one-half of Jerry Cooper's original 1/10 interest in the land, together with a 1/60 interest inherited from Looney Cooper, who had died intestate in 1936. The basis of the above-mentioned suit as set forth in plaintiffs' petition was that the judgment entered in the case of R. F. Green v. Anna Belcher et al., in 1925, in so far as it undertook to divest the interest of Jerry Cooper out of him and vest it in Anna Belcher and Looney Cooper was totally void because there was no pleading in the suit in behalf of Anna Belcher and Looney Cooper as against Jerry Cooper upon which such judgment could have been rendered, and for the further reason that no citation of any kind was issued or served upon Jerry Cooper seeking any relief against him, and therefore the district court never acquired jurisdiction over the person of Jerry Cooper so as to authorize the entry of such judgment against him.

Various defenses were pleaded by the several defendants, the more important ones being that plaintiffs' cause of action constituted a collateral attack on the judgment in the case of R. F. Green v. Anna Belcher et al., which judgment they asserted was valid on its face and was not subject to such an attack, and that the cause of action was barred by the two and the four year statutes of limitation. The case was tried before the court, without a jury, and judgment entered denying any recovery in favor of the plaintiffs, either in the surface estate of the land involved in the suit, or in the mineral estate, and such plaintiffs bring this appeal.

At the outset, it is to be noted that this is not a suit to set aside or have vacated the judgment rendered in 1925 in the case of R. F. Green v. Anna Belcher et al. Rather, it is an action to establish title to an interest in the land in controversy in the plaintiff, who stands on the proposition that the judgment referred to is an absolute nullity, and as such is subject to collateral attack. Such being the nature of the suit, the two and four year statutes of limitation are not applicable, suits for land being excluded from the operation thereof by specific terms of the statute itself, Art. 5529, R.S. of Texas, 1936, Jewell v. Hart, Tex.Civ.App., 244 S.W. 827. These defenses, therefore, are not available to the defendants (appellees) herein as they would be if the proceeding were one to set aside the judgment.

On this appeal, appellants concede that if the record does not show on its face that the judgment assailed is void, they are not entitled to recover, other than a small interest in the surface estate of the land involved, which is claimed by them irrespective of the validity of the judgment. No contention is made by them that if the judgment is not void as disclosed by the judgment roll itself, that purchasers under the judgment are not protected, nor do they assert that they are making a direct attack on the judgment. They elect to stand or fall on the point urged by them that the judgment in question is totally void and subject to objection when offered in evidence in any proceeding. Consequently, the one matter presented for our determination is whether or not such judg-

ment is wholly void for the reasons advanced as to its invalidity.

In determining the validity of a judgment, one is not restricted to the face of the judgment alone, but resort many be had to the judgment roll, or record, which includes the pleadings filed in a suit. This principle is of such universal application that citation of authorities is not deemed necessary. In the case now under advisement, the district court had jurisdiction of the parties and of the subject matter; the question at issue is whether or not it had authority to make the disposition of the rights and equities of the three defendants, as it did, under the record as presented in this suit. Plaintiffs (appellants) objected to the judgment when offered in evidence, and then introduced the record in the case in which it was rendered. Among the papers was a pleading on behalf of Anna Belcher, Looney and Jerry Cooper, which was styled "Trial Amendment" by such designation written in ink on the back of the instrument as well as by interlineation on the face of it, and filed the same day that the judgment was dated. This pleading contained a plea of "not guilty", a plea that the deed was a mortgage, and prayed that the defendants be given title to the land sued for. The trial judge in his findings of fact in the instant case found that if there were any cross action filed by Anna Belcher and Looney Cooper against their co-defendant, Jerry Cooper, it was not in the file containing the papers in the case. He further found that the records in the district clerk's office did not reflect any missing papers, except in so far as the judgment recitals, length of time since the judgment was rendered, and the pleadings styled "Trial Amendment", might indicate to the contrary. Upon this state of facts, and the circumstance that there is absent from the record any pleading asking for affirmative relief against Jerry Cooper by Anna Belcher and Looney Cooper, appellants urge that the court was without authority to enter that part of the judgment divesting title out of Jerry Cooper and to that extent it was void.

So often has it been stated in the adjudicated cases, as well as by text-writers, that a judgment, the final action taken by a court of competent jurisdiction in disposing of matters properly before it, is of such solemn import and of such supreme importance that every intendment should be given it in order to sustain its validity, that to give further emphasis to the thought would be almost a matter of triteness. Judgments constitute the considered opinion of courts; they are judicial acts with the primary objective in view of concluding controversies with as high a degree of exact justice as it is humanly possible to do. When an attack is made upon a judgment, whether directly or collaterally, all presumptions consonant with reason are indulged. in order to uphold the binding effect of such judgment. Where the attack is collateral in nature, these presumptions in favor of the validity of the judgment are all the stronger. The general rule of law is that, as stated in 15 R.C.L. p. 878, sec. 356:

"When a court of competent jurisdiction has rendered a judgment in relation to any subject matter within its jurisdiction, the presumption arises that it had before it sufficient evidence to authorize it to award such judgment; and where facts were required to be proved to confer jurisdiction. that such facts were duly proved, although the record is silent upon the matter."

34 C.J. p. 537, sec. 841, states the rule thus:

"In the case of a collateral attack upon a domestic judgment of a court of general jurisdiction by a party thereto every reasonable presumption is indulged to support the judgment, and the burden is upon a party collaterally attacking a judgment to establish its invalidity. It will be presumed in such a case that the court had jurisdiction both of the subject matter and of the person, and that all the facts necessary to give the court jurisdiction to render the particular judgment were duly found, except where the contrary affirmatively appears."

In addition:

"The presumptions in favor of the regularity of a judgment becomes stronger with the lapse of years. It has ever been said that almost any reasonable presumption of fact will be conclusively indulged in order to sustain rights asserted under a decree which is twenty years old. To sustain an ancient judgment, time may authorize the presumption of an extraneous fact which the record does not contradict, and which it was not indispensable to the validity of the judgment that the record should exhibit." 31 Am.Jur. p. 82, sec. 423.

Numerous authorities are cited in support of the rule quoted. In Freeman on Judgments, p. 761, sec. 365, we find this language:

"It is apparent, then, that if the pleadings satisfies this requirement and discloses a subject matter within a class over which the court's powers extend, it will suffice when made the basis of a collateral objection, irrespective of the completeness or quality of the allegations, or their adequacy to justify the relief sought, or of any defects, irregularities or imperfections of form or substance. It is sufficient that the allegations challenge a judicial inquiry. For jurisdiction does not depend upon the sufficiency or fullness of the statement of the cause of action pleaded, nor is it of any importance collaterally whether the pleading does or does not state a cause of action, providing it sets forth a case within the court's powers."

In Texas, the rule hereinabove stated with respect to presumptions in favor of the integrity of judgments has been followed and extended in some degree. It has been said that the presumption in favor of the validity of a judgment has been carried "to the breaking point, but it is so settled and must be followed." Schaeffer v. Williams, Tex.Civ.App., 208 S.W. 220, 222. In this last named case, reference is made to the case of Weems v. Masterson, 80 Tex. 45, 15 S.W. 590, 592, in which Chief Justice Stayton uses the following language:

"A proposition that a judgment of a district court could be attacked in a collateral proceeding because pleadings were defective, if the court had jurisdiction of the subject-matter and the parties, would not be advanced, and it would be readily conceded that, however erroneous such a judgment might be, it would be conclusive on the parties until set aside by some direct proceeding for that purpose; and we are of opinion that this would be true even if the pleadings were so defective as to be bad on general demurrer, as to present no issue of fact."

In an early case by the Supreme Court of Texas, Kendall & Harcourt v. Edmund Mather, 48 Tex. 585, it is stated:

"The alleged vice rendering the judgment, as appellee's counsel insist, absolutely void, is that the prayer in the petition does not justify the judgment. The court, it is not controverted, had jurisdiction of the parties and subject-matter of the suit.

This being the case, the objection to the judgment, at most, is for error, and not nullity."

An extended discussion with reference to presumptions in favor of the validity of a judgment when attacked collaterally is found in the case of Martin v. Robinson, 67 Tex. 368, 3 S.W. 550, 555, in an opinion by Judge Stayton, from which we quote:

"We understand the rule to be, when the judgment, or decree of such a court is collaterally called in question, that it must be deemed valid, unless it appears that no facts could have been shown which would render it so."

■■ Appellants rely largely upon the case of Hart v. Hunter, 52 Tex.Civ.App. 75, 114 S.W. 882, 886, by the Fort Worth Court of Civil Appeals, in support of their position. From the statement of the facts of that case, it appears that it was an action in trespass to try title as well as to have declared void two certain judgments theretofore rendered which affected the title to the land in controversy. The opinion in the case has this to say with respect to the validity of the judgments:

"The rule seems to be that a judgment based upon defective pleadings, even though such pleadings are bad on general demurrer, is nevertheless not for that reason void, but otherwise where there are no pleadings at all to support the judgment. * * * In such a case as where the record affirmatively shows a want of jurisdiction over the parties or subject-matter, the judgment ought, we think, to be treated as a nullity, both on direct and collateral attack."

Generally speaking, this doubtless is a correct statement of the abstract legal principle involved; its application to the facts of particular cases ofttimes is a matter of difficulty. The court in the case last above mentioned reached the conclusion that the record affirmatively showed a lack of jurisdiction in the trial court because there were "no pleadings at all to support the judgment." Presumptions in favor of the judgment's validity, based upon recitals in the judgment, the pleadings available, as well as lapse of time since its rendition, were not under consideration in that case. In the case now under advisement, it does not affirmatively appear that there were no pleadings upon which the court based its judgment, but only an absence of pleadings, which might have been occasioned in

any one of several ways. The clerk of the district court was used as a witness in an effort to show that all the papers were accounted for, and that there were no, missing instruments. When it is necessary to resort to evidence aliunde the record in assailing a judgment, it goes without saying that such assault is no longer within the realm of a collateral attack. It is our opinion that in the circumstances the mere absence from the record of a pleading upon which the court might have acted does not overcome the presumption, in a collateral attack, that there was such a pleading filed. Upon a direct attack, perhaps such a lack of pleading might be a circumstance upon which the court could make a finding as to whether or not one had been filed, with evidence dehors the record in such a situation available in support of the respective theories of the parties to the suit.

The parties in the instant case were before the court; the issues were joined and judgment rendered. The defendants apparently knew the effect of the judgment, since notice of appeal was given, which, however, was not perfected. Appellants argue, though, that the judgment in the respect pointed out was absolutely void in the absence of pleadings to support it. In the circumstances, it is to be presumed that proper pleadings were before the court and that the court acted within the realm of its authority. It is entirely conceivable that in the period of eighteen years since the judgment was entered to the time of the filing of this suit some of the papers in the case might have become misplaced. The fact, too, that there is a pleading denominated "Trial Amendment", even though it might in fact be something else in the way of a pleading, indicates that some other type of pleading was filed by the defendants. Here again, it is pertinent to say that in labeling the pleadings it is quite possible for the one who did so to have made a mistake and have confused the styling of them, and such others as there were could have been lost from the file.

We are of the opinion that the trial court was correct in finding that the judgment under attack was based presumptively upon sufficient pleadings before the court at the time of its rendition, as well as that necessary service had been had upon all parties affected by the judgment.

█ It appears from the record that the plaintiff below, Thelma Cooper Jackson, was entitled to a one-fortieth (1/40) interest in the surface estate of the land described in the judgment, in this case, through inheritance from her uncle, Looney Cooper. Due to a seeming inadvertence in the drafting of the judgment, this interest was not awarded to her. The judgment of the trial court is reformed in this regard so as to award such 1/40 interest to her against all defendants except E. M. Slaughter, who is discharged with his costs, it having been stipulated in the trial court that no recovery was sought against him, and as reformed, the judgment of the trial court is affirmed.

It is ordered that appellants pay one-half of all costs incurred herein and the appellees, Paul Bramlette, Administrator, Joseph D. and Nellie M. Bramlette, Anna Belcher, and Isadore Maritzky be taxed with one-half the costs in proportion to their respective interests.

### On Motions for Rehearing.

In our original opinion in this case the judgment of the trial court was reformed so as to allow the appellant, Thelma Cooper Jackson, to recover an undivided interest in the surface estate of the land involved, but through inadvertence the interest was set out as an undivided 1/15 interest when the fractional portion recovered should have been a 1/40 interest. Accordingly, the opinion is corrected so as to adjudge to such appellant a recovery of an undivided 1/40 interest in the surface estate of the land described in the judgment. Also, in the motion of the appellee, E. M. Slaughter, our attention is directed to the fact that in the trial court a stipulation between the plaintiffs and E. M. Slaughter was filed in which it was stated that no recovery was sought against the said E. M. Slaughter. Therefore, it is ordered that the opinion herein show that no recovery be had against E. M. Slaughter and that he be discharged with his costs. With these corrections, the motions for re-hearing in all things respectfully are overruled.