**In re A. F. D., A Minor.**

No. 8686.

Court of Appeals of Texas, Beaumont.

Nov. 24, 1981.

Thomas F. Rugg, Port Arthur, for appellant.

Emily Rhine, Asst. Crim. Dist. Atty., Beaumont, for appellee.

DIES, Chief Justice.

This is a juvenile case tried before the judge, a jury having been waived. A. F. D. was found to have engaged in delinquent conduct, and he was placed in the care and custody of the Texas Youth Council. He appeals.

■ His first point of error is "[t]he Trial Court erred in overruling Appellant's Motion to Dismiss the Second Amended Original Complaint because the allegations of that Complaint had been previously adjudicated."

The situation is this: The amended original petition filed May 14, 1980, had three counts. One alleged he entered a building, owned by Raymond Depwe, with intent to commit theft on February 22, 1980; another alleged the same offense on February 23, 1980, of a building owned by Lester Youngblood; and the third, the same offense on February 2, 1980, of a building owned by Lester Youngblood.

On June 27, 1980, after the juvenile admitted the February 23, 1980, offense, he was committed to the Texas Youth Council, but the order of commitment was suspended ninety days pending review.

On January 16, 1981, the State filed a second amended petition which deleted all charges except the February 22, 1980, charge (owner Depwe).

We have the statement of facts of the first commitment at which time the District Attorney stated, "At this time, Your Honor, the State elects not to proceed as to charge one [the February 22, 1980, entry in Depwe's building] as it is written in the Amended Original Petition. We would like to reserve that for a later proceeding."

The "Analysis of the Factor" of the first trial made no allusion to the Depwe charge, and, of course, that first hearing has no evidence concerning it. We have found no authority directly on this point, but we cannot see how this juvenile has been prejudiced in the least. This point is overruled.

■ The juvenile's second point complains the trial court erred in failing to explain the elements of the offense of burglary in violation of *Tex.Fam.Code Ann. § 54.03(b)* (1975). That section of the Code provides:

"At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:

"(1) the allegations made against the child;

"(2) the nature and possible consequences of the proceedings. . . . "

This trial judge's explanations of the allegations and consequences of the proceedings are very detailed and cover almost ten pages of the statement of facts. The juvenile was repeatedly asked if he understood. Later on in the proceeding, the trial judge repeated these explanations to the juvenile's mother. This point is overruled. See *W.J.M.A. v. State*, 602 S.W.2d 397 (Tex.Civ. App.—Beaumont 1980, no writ).

■ Appellant's third point is "[t]here is no evidence to support the Trial Court's finding that Mr. Raymond Depwe is personally liable for $7,011.29 in damages and, therefore, no evidentiary basis to order restitution."

This evidence shows that Depwe held the bonds after the congregation of this church disbanded. The bonds are a first lien on the church and its contents. At the time of the proceedings, Depwe held an unsecured promissory note for less than the amount he had invested. The evidence shows—including photographs—extensive, even massive, destruction in the church.

While a contractor wanted twice as much to repair the damage, Depwe did it himself—or under his supervision—for $8,200. This point is overruled.

Appellant's final points urge error because there are no pleadings to support an order of restitution; that appellant was not warned a probable consequence of the proceedings would be the entry of a restitution order; and that a partial restitution of $3,500 is in violation of *Tex.Fam.Code Ann. § 54.041(b)* (Supp.1980–81).

*Section 54.041(b)* of the Family Code provides:

"(b) If a child is found to have engaged in delinquent conduct arising from the commission of an offense in which property damage occurred, the juvenile court, on notice to all persons affected and on hearing, may order the child or a parent to make full or partial restitution to the victim of the offense. An order under this subsection may provide for periodic payments by the child or a parent of the child for the period specified in the order not to exceed five years after the 18th birthday of the child. If the child or parent is unable to make full or partial restitution or if a restitution order is not appropriate under the circumstances, the court may order the child to render personal services to a charitable or educational institution in the manner prescribed in the court order in lieu of restitution. Restitution under this section is cumulative of any other remedy allowed by law and may be used in addition to other remedies; except that victim of an offense is not entitled to receive more than actual damages under a juvenile court order."

The judgment ordered "partial restitution" be paid to the complaining witness as follows:

"[T]he mother of the juvenile, C-D-, and the father of the juvenile, J-D-, shall each pay $150 per month on the 15th of the month beginning May 15, 1981, until the partial restitution of $3,500 has been collected. It is further ordered that upon parole from the Texas Youth Council, the juvenile, A-F-D-, shall contribute $100 per month until his 18th birthday and for 5 years thereafter or until the partial restitution of $3,500 has been collected and paid to the victim."

The juvenile and his mother, but not his father, duly perfected the appeal to this Court.

An examination of the pleadings discloses that there is not a single line of pleading seeking restitution, the grounds for such relief, or the amount thereof.

While *Tex. Family Code Ann. § 54.041(b)* (Supp.1980–81), authorizing the entry of restitution orders in such proceedings, provides for notice and hearing to all affected persons, no mention is made in the statute of pleading or the form of notice required. Counsel have not cited any case authority on the subject, and we have not found a Texas case in point.

■ Assuming continued vitality of the legal fiction that juvenile delinquency proceedings are civil in nature and governed by the rules governing the ordinary civil case [*]: a judgment not based upon any pleadings is void. *Hart v. Hunter,* 52 Tex.Civ.App. 75, 114 S.W. 882, 886 (Fort Worth 1908, writ ref'd). *Accord: Smith v. Pegram,* 80 S.W.2d 354, 356 (Tex.Civ.App.—Amarillo 1935, writ ref'd). See also, *Edwards Feed Mill v. Johnson,* 158 Tex. 313, 311 S.W.2d 232, 233 (1958), quoting at length from *Smith v. Pegram,* supra, which, in turn, cited *Hart v. Hunter.* Or, as said in *Douthit v. Anderson,* 521 S.W.2d 127, 129 (Tex. Civ.App.—Dallas 1975, no writ):

"[T]he court's power to render judgment is limited by pleadings, and a judgment unsupported by pleadings is void. *Davis v. First National Bank,* supra [139 Tex. 36, 161 S.W.2d 467, 472, 473 (1942)]; *Hart v. Hunter,* 52 Tex.Civ.App. 75, 114 S.W. 882, 886 (Fort Worth 1908, writ ref'd)."

Insufficiency of pleadings has been held to be fatal to adjudications of delinquency. See *Berkley v. State,* 473 S.W.2d 346, 347

---

[*] See and cf., *Steed v. State,* 143 Tex. 82, 183 S.W.2d 458, 459 (1944); *Brenan v. Court of Civil Appeals,* 444 S.W.2d 290, 292 (Tex.1968);

*State v. Turner,* 556 S.W.2d 563, 564–565 (Tex. 1977).

(Tex.Civ.App.—Fort Worth 1971, no writ), and cases therein cited.

■ We have two appellants, the minor and his mother, and we now quote their entire argument under their Point Four:

. "In addition to the evidentiary void, there are no pleadings to support a restitution order. Juvenile proceedings are governed by the Texas Rules of Civil Procedure, *J. J. H. v. State*, 557 S.W.2d 838, Tex.Civ.App.—Waco 1977, no writ). Judgments in civil cases must conform to the pleadings. Texas Rules of Civil Procedure, Rule 301. The judgment insofar as its Order of Restitution does not conform to any pleading by the State."

The *only* reply of State's counsel is an assertion that "[t]he Texas Family Code, Section 54.041(b) does not require *separate* pleadings by the State before appropriate restitution can be ordered under the delinquency pleadings: [followed by a quotation of the cited section of the statute]." (Emphasis supplied.) There is no suggestion that the matter was tried by consent, if such is possible when there is a complete absence of pleadings.

In accordance with the foregoing opinion, we enter the following order:

1. The judgment of the trial court finding that the minor had engaged in delinquent conduct and placing him in custody of the Texas Youth Council is affirmed.

2. The portion of the judgment ordering the minor and his mother to make financial payments to the complainant is reversed and judgment now rendered vacating the order requiring payments of money by said appellants.

3. The judgment rendered against the non-appealing father is affirmed.

AFFIRMED in part and in part REVERSED and RENDERED. It is so ordered.