Tony Edward SANDLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–93–106 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Oct. 21, 1994.

Decided Nov. 16, 1994.

Steve Hebert, Baytown, for appellant.

Michael R. Little, Dist. Atty., Liberty, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

The appellant, Tony Edward Sandles, was charged by indictment of the felony offense of delivery of a controlled substance, namely, cocaine, with enhancement and habitual paragraphs contained within the indictment. On April 22, 1993, before a jury, the appellant entered a plea of not guilty. The jury found the appellant guilty of the charged offense. The appellant entered a plea of "true" to the enhancement count of the indictment and a plea of "true" to both paragraphs of the habitual count. The jury assessed punishment at sixty years confinement in the Institutional Division of the Texas Department of Criminal Justice. It is from this conviction that the appellant now appeals.

The appellant has urged one point of error which reads as follows:

Appellant's trial counsel's failure to interview and subpoena a witness to testify greatly prejudiced appellant's case and resulted in appellant being deprived of effective assistance of counsel.

In support of this argument the appellant relies upon Ex parte Duffy, 607 S.W.2d 507 (Tex.Crim.App.1980), in which the Court of Criminal Appeals held that criminal defendants are entitled to reasonably effective assistance of counsel under the Sixth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment. The appellant also cites Article I, section 10 of the Texas Constitution and article 1.05 of the Texas Code of Criminal Procedure. In Ex parte Duffy, the Court of Criminal Appeals stated that the appellant is only entitled to relief if he can demonstrate that he was deprived of reasonably effective assistance of counsel at trial.

The appellant also relies on the federal standard which was enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Strickland, the United States Supreme Court proclaimed that in order for the appellant to be entitled to a reversal, he must meet the burden as established in the two-prong test (1) that the trial counsel's performance fell below an objective standard of reasonableness by identifying acts or omissions showing that counsel's performance was deficient and (2) that, but for the unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different. The Court of Criminal Appeals reaffirmed the Strickland standard in Craig v. State, 825 S.W.2d 128 (Tex.Crim.App.1992) through Ex parte Duffy.

The appellant's basic complaint is that his trial counsel failed to subpoena a witness by the name of JoAnn Williams. The appellant testified in his affidavit (attached to appellant's brief) that Ms. Williams was necessary to his defense because she could testify that he was not the one who was outside Pepper's on March 11, 1992. Also, she could testify that he did not sell the crack cocaine. In other words, he did not participate in the said drug transaction. The appellant contends that because his trial counsel failed to do this, his defense was substantially harmed.

Butler v. State, 716 S.W.2d 48 (Tex.Crim. App.1986), holds that the failure to investigate all facts and call all alibi witnesses may

be grounds for a claim of ineffective assistance of counsel. Appellant states that his trial counsel knew of the existence of Ms. Williams since he had informed his counsel about the importance of her testimony.

Furthermore, appellant contends that when the State, in its closing jury arguments, mentioned the fact that Ms. Williams did not testify this caused him to suffer harm because it could be inferred by the jury that Ms. Williams' testimony was not important or, in fact, not true. The appellant states that because he was deprived of the testimony of Ms. Williams, the only person who could contradict the statement by the State was his own testimony which caused his credibility to be brought into question.

His credibility was damaged when brought into question, inasmuch as the State solicited from him the admission of his seven prior convictions during cross-examination. Therefore, he was severely harmed and his credibility was destroyed. Because of this, the appellant feels he was deprived of effective assistance of counsel.

In addressing his sole point of error, we are obliged to look at the totality of the representation by counsel rather than isolated acts or omissions of trial counsel. This Court is to apply the test at the time of trial and not through hindsight. This right to effective assistance of counsel is not a right to error-free counsel. Tex. Const. Art. I, § 10; U.S. Const. amend. 6. Rather, the right to effective assistance of counsel means counsel reasonably likely to render reasonable effective assistance of counsel. *Ex parte Cruz*, 739 S.W.2d 53 (Tex.Crim.App. 1987).

Allegations of ineffective assistance of counsel will only be sustained if they are firmly founded in the record. *Faz v. State*, 510 S.W.2d 922 (Tex.Crim.App.1974). If the record is completely void of any proof of evidence whatsoever regarding either of the two *Strickland v. Washington, supra*, prongs with respect to ineffective assistance of counsel, then this point of error cannot be sustained.

Tex.R.App.P. 50 provides that the record on appeal shall consist of a transcript and when necessary to appeal, a statement of facts. The alleged affidavit which is attached to the appellant's brief was not introduced at trial; neither is it a part of the record on appeal pursuant to Rule 50. This Court must follow the rules as set forth in the Texas Rules of Appellate Procedure. *Pollan v. State*, 612 S.W.2d 594 (Tex.Crim.App. 1981). Allegations which are not supported by the record shall not be considered. *Beck v. State*, 573 S.W.2d 786 (Tex.Crim.App. 1978). An appellate court is bound by and limited to the record which has been properly placed before it. *Id.* Rule 50(d) clearly provides that the burden is on the appellant to see that a sufficient record is presented to show any reversible error. We find that appellant has not met this burden in the case at bar.

Appellant's allegation that his trial counsel failed to call the witness, Ms. Williams, is irrelevant absent a showing that such witness was available and that appellant would have benefitted from such testimony. *King v. State*, 649 S.W.2d 42 (Tex.Crim.App.1983).

We note that the record shows that the appellant himself stated on two occasions at trial that he was satisfied with the performance of his trial counsel. Regarding the fact that appellant took the witness stand, it is important to note that appellant was not only admonished by the trial court, but also by his trial counsel that if he took the stand, certain ramifications would take place. During these warnings given to the appellant the trial court inquired whether or not appellant had any objection to his trial counsel's representation and the appellant responded that he had no objections. Again, at the conclusion of both phases of appellant's trial, after inquiry by the trial court as to whether appellant had any complaints regarding his trial counsel, the appellant responded that he had no complaints.

Therefore, we overrule the appellant's point of error and affirm the judgment and sentence below.

AFFIRMED.