STONE, Justice.
This is an appeal of a disposition order in a juvenile matter. Appellant, S.A.M., contends there is no evidence to support the trial court’s findings underlying the order of commitment. Because appellant has failed to provide this Court with a complete record, we cannot find reversible error. We therefore affirm the judgment of the trial court.
On June 10,1992, when appellant was fourteen years old, he was involved in a shooting incident in which a friend of his was killed. After appellant had reached the age of seventeen he was charged with delinquent conduct of first degree murder, third degree manslaughter, and criminally negligent homicide. A jury found that appellant had engaged in the delinquent conduct of criminally negligent homicide. A disposition hearing was held on October 23, 1995, at which time appellant had reached the age of eighteen. Because of appellant’s age, the court had only two options: no disposition or commitment to the Texas Youth Commission. Tex. Fam.Code Ann. § 54.05(b) (Vernon 1996). The trial court entered an order committing appellant to the Texas Youth Commission for an indeterminate period, not to exceed his twenty-first birthday.
In three points of error appellant contends there is no evidence to sustain the following trial court findings: (1) appellant is in need of rehabilitation; (2) protection of the public requires disposition; and (3) it is in appellant’s best interest to be placed outside the home. We consider appellant’s claims under traditional standards of review. When a juvenile challenges the legal sufficiency of the evidence by a no evidence point, the appellate court is required to consider only the evidence and inferences tending to support the findings under attack. In the Matter of L.G., 728 S.W.2d 939, 943 (Tex.App.— Austin 1987, writ ref'd n.r.e.); accord In the Matter of A.B.R., 596 S.W.2d 615, 618 (Tex.Civ.App. — Corpus Christi 1980, writ ref'd n.r.e.).
Juvenile proceedings are governed by the rules of civil procedure. In the Matter of M. H., 662 S.W.2d 764, 766 (Tex.App.—Corpus Christi 1983, no writ); In re A.F.D., 628 S.W.2d 87, 89 (Tex.App. — Beaumont 1981, no writ). Tex.R.App.P. 50(d) places the burden on the appealing party to ensure that a sufficient record is presented to show reversible error. In the instant case appellant did not file a complete record. Rather, based upon his written request to the court reporter, appellant filed the statement of facts for the disposition hearing only. Appellant specifically directed the court reporter to omit from the statement of facts any record of the adjudication hearing.
Disposition of a juvenile matter may not be made unless the court finds that the child is in need of rehabilitation, or that protection of the public or the child requires disposition. Tex.Fam.Code Ann. § 54.04(c) (Vernon 1996). The statute states these grounds for disposition in the alternative. In the instant case the trial judge made no finding at all regarding appellant’s need for rehabilitation. Rather, the court found that disposition was necessary for the protection of the public. Since the statute permits disposition on that ground alone, any lack of evidence regarding appellant’s need for rehabilitation is irrelevant. Point of error one is overruled.
*746 In his second point of error appellant challenges the order of commitment because he claims there is no evidence to sustain the court’s finding that protection of the public requires disposition. As noted by appellant, no witness indicated that appellant is a threat to anyone. To the contrary, several witnesses, including a juvenile probation officer, a teacher, and the high school principal, testified that appellant is not a threat to the public. Nonetheless, in the absence of a complete statement of facts, this court has no way of knowing the circumstances surrounding the shooting. These circumstances may have convinced the trial court that appellant is a threat to the public. See In the Matter of R.E.D., 788 S.W.2d 380, 381 (Tex.App.— Houston [1st. Dist.] 1989, no writ) (when making juvenile disposition, trial judge entitled to consider evidence from adjudication hearing). Point of error two is overruled.
In his final point of error, appellant claims there is no evidence to support the trial court’s finding that it is in the juvenile’s best interest to be placed outside of the home, and that all reasonable efforts have been made to eliminate the need for him to be removed from his own home. Under the Family Code a trial court may not make a disposition placing a child outside the child’s home “unless the court or jury finds that the child, in the child’s home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of the probation.” Tex.Fam.Code Ann. § 54.04(c) (Vernon 1996). Further, if the court commits a child to the Texas Youth Commission, the court’s order must additionally state that placement outside of the child’s home is in the child’s best interest and that reasonable efforts were made to prevent or eliminate the need for the child’s removal from the home. Tex.Fam.Code Ann. § 54.04(i) (Vernon 1996).
It is undisputed that the court’s order contained these required findings; the only challenge is to the sufficiency of the evidence to support the findings. In the absence of a full record, we must assume the evidence is sufficient to support the judgment. Jefferson Sav. & Loan Ass’n v. Adams, 802 S.W.2d 811, 813 (Tex.App. — San Antonio 1990, writ denied). We are cognizant of the evidence that appellant’s parents .and stepmother helped appellant to obtain counseling shortly after the shooting. The family members also testified that they would ensure that appellant returned to counseling if deemed appropriate by the court or the probation officer. Nonetheless, it is impossible to conclude there is no evidence to support the trial court’s finding when the full record is not brought forward on appeal.
A tragic event occurred in which one young man was killed, apparently by his friend — appellant. Appellant has expressed remorse, at least to his own family, about the shooting. Thankfully, the record establishes that appellant has a caring and supportive family. And while the disposition entered by the trial court may seem harsh based on the record before us, two things remain clear — a young man is dead, and the record before us is incomplete. The trial court had the entire body of evidence before it, but appellant chose not to bring that entire body of evidence to this court for appellate review. Under these circumstances we find no error in the trial court’s disposition.
The judgment of the trial court is affirmed.