TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00848-CV






In the Matter of S. M. G., Appellant







FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 495, HONORABLE EDWARD JANECKA, JUDGE PRESIDING







 On August 26, 1999, the district court sitting as a juvenile court found that S.M.G.,
who was fifteen at the time, had engaged in delinquent conduct, and placed him on probation for
one year. In November 1999, the State filed a petition alleging S.M.G. had violated several
conditions of his probation and asking that he be placed in the Texas Youth Commission ("TYC"). 
After a hearing on the State's petition, the juvenile court found that S.M.G. had violated his
probation and ordered him committed to TYC's custody for an indeterminate period of time not
to exceed his twenty-first birthday. In a pro se brief, S.M.G. appeals that order.(1) We will affirm.

Background

 S.M.G. was accused of criminal mischief for destroying or damaging property
valued at more than $50 and less than $500. Tex. Penal Code Ann. § 28.03 (West Supp. 2000). 
That conduct is a class B misdemeanor--punishable by confinement of up to 180 days, imposition
of a fine up to $2000, or both--and is delinquent conduct as defined by section 51.03 of the Family
Code.(2) Tex. Penal Code Ann. §§ 12.22, 28.03(b)(2) (West 1994 & Supp. 2000); Tex. Fam. Code
Ann. § 51.03(a)(1) (West Supp. 2000). In August 1999, S.M.G. was adjudicated delinquent and
put on probation for one year; he does not complain of those orders. Once adjudicated delinquent,
S.M.G. was bound to obey the rules of his probation. Less than three months later, the State filed
its petition to modify S.M.G's disposition and commit him to TYC, alleging he had committed
numerous probation violations. Following a hearing on the State's motion, the juvenile court
found that S.M.G. had violated his probation by disobeying his parent/custodian, failing four
subjects in school, disrupting classes and disobeying teachers and principals, possessing and
consuming a controlled substance, violating his curfew on several occasions, and tampering with
the electronic monitoring system provided by the Juvenile Probation Department.


Lack of Reporter's Record

 The clerk's record is on file with this Court, but no reporter's record from the
hearing on the State's petition has been made part of the appellate record. The party appealing
a trial court's judgment bears the responsibility of requesting in writing that the court reporter
prepare the reporter's record. Tex. R. App. P. 34.6(b)(1); In re Marriage of Spiegel, 6 S.W.3d
643, 646 (Tex. App.--Amarillo 1999, no pet.); see In re A.R.A., 898 S.W.2d 14, 16 (Tex.
App.--Austin 1995, no writ). This Court may hear an appeal in which a clerk's record but no
reporter's record has been filed. Tex. R. App. P. 37.3(c). Before hearing such a cause, we must
give the appellant notice that the reporter's record has not been filed and a reasonable opportunity
to cure that omission. Id. The Court has given S.M.G. the opportunity to file the reporter's
record and has received no response to our correspondence. S.M.G. has not provided the Court
with the reporter's record and has not notified this Court that he intends to or is attempting to do
so. Therefore, we overrule his fifth point of error in which he complains that the reporter's record
is incomplete, and we will examine his remaining contentions based on the clerk's record alone.


Standard of Review

 A juvenile court has broad discretion to determine a suitable disposition of a
juvenile who has been adjudicated to have engaged in delinquent conduct. In re C.C., 13 S.W.3d
854, 859 (Tex. App.--Austin 2000, no pet.); In re M.S., 940 S.W.2d 789, 791 (Tex.
App.--Austin 1997, no writ). A trial court abuses its discretion when it acts in an unreasonable
and arbitrary manner or without reference to guiding rules and principles. In re C.C., 13 S.W.3d
at 859. We will not reverse for abuse of discretion merely because we disagree with the juvenile
court's decision. Id. However, a child may not be placed outside of his or her home unless the
juvenile court finds (1) such placement is in the child's best interests, (2) reasonable efforts were
made to prevent or eliminate the need for the child's removal from his or her home and to make
it possible for the child to return home, and (3) the child cannot be provided the quality of care
and level of support and supervision needed for the child to meet probation requirements while
living at home. Tex. Fam. Code. Ann. § 54.04(i) (West Supp. 2000); In re C.C., 13 S.W.3d at
858; In re B.M., 1 S.W.3d 204, 209 (Tex. App.--Tyler 1999, no pet.) (citing to previous version
of section 54.04, amended by Act of Sept. 1, 1999, 76th Leg., R.S., ch. 1448, § 1, 1999 Tex.
Gen. Laws 4919, 4920).


S.M.G.'s Remaining Points of Error

 In his first point of error, S.M.G. contends the juvenile court abused its discretion
by committing him to TYC because the offenses for which he had been originally adjudicated
delinquent were three instances of criminal mischief that occurred within eight days of each other. 
While S.M.G. argues that the disposition appears harsh, we do not have the benefit of the record
the juvenile court reviewed in reaching its decision. In its order, the juvenile court made the
required findings that it was in S.M.G.'s best interests to be placed outside of his home, that
reasonable efforts were made to prevent or eliminate the need for placement outside of his home
and to make it possible for him to return home, and that he could not be provided the quality of
care and level of support and supervision he needs to meet his probation while living at home. 
Tex. Fam. Code. Ann. § 54.04(i); In re C.C., 13 S.W.3d at 858; In re B.M., 1 S.W.3d at 209. 
S.M.G. has not demonstrated that those findings were unsupported by evidence or otherwise
incorrect or that the juvenile court abused its discretion in committing him to TYC for probation
violations. In re C.C., 13 S.W.3d at 858-59; In re S.A.M., 933 S.W.2d 744, 746 (Tex.
App.--San Antonio 1996, no writ). We overrule S.M.G.'s first point of error.(3)

 In his second, third, sixth, and seventh points of error, S.M.G. argues the alleged
probation violations were not sufficiently proven in the record. As discussed above, we are
constrained to review these points of error based solely upon the record before us and, without a
reporter's record, we are bound by the juvenile court's findings. In re S.A.M., 933 S.W.2d at
746; Sandles v. State, 887 S.W.2d 252, 254 (Tex. App.--Beaumont 1994, no pet.); see In re
A.R.A., 898 S.W.2d at 16. S.M.G. has not demonstrated that the alleged probation violations
were not sufficiently proven by the record. We overrule his second, third, sixth, and seventh
points of error.

 Finally, in his eighth point of error, S.M.G. asserts that in sending him to TYC,
the juvenile court ignored the letter and spirit of House Bill 2947 (HB 2947), which S.M.G. claims
is intended to limit when a child adjudicated delinquent for a misdemeanor offense may be
committed to TYC. HB 2947 amended section 54.04 of the Family Code effective September 1,
1999; the amended statute was effective at the time of S.M.G.'s November 1999 disposition
hearing. Act of Sept. 1, 1999, 76th Leg., R.S., ch. 1448, § 1, 1999 Tex. Gen. Laws 4919, 4920. 
Amended section 54.04 added further requirements that must be met before a child may be
removed from his or her home after being adjudicated delinquent. The juvenile court met the new
requirements of section 54.04 when it found in its order sending S.M.G. to TYC that it was in
S.M.G.'s best interests to be placed outside his home, that reasonable efforts had been made to
avoid such placement and to return him home, and that he could not receive the care, support, and
supervision necessary to complete his probation. Tex. Fam. Code Ann. § 54.04(i). S.M.G. has
not shown the juvenile court abused its discretion or violated the letter or the spirit of the amended
statute in sending him to TYC. We overrule his eighth point of error.

 Having overruled S.M.G.'s eight points of error, we affirm the juvenile court's
order placing him in TYC's custody.

 


 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: October 5, 2000

Do Not Publish


1. While pro se pleadings are to be liberally construed, pro se litigants are held to the same
standards as licensed attorneys and must comply with rules of procedure and applicable laws. 
Shull v. United Parcel Serv., 4 S.W.3d 46, 52-53 (Tex. App.--San Antonio 1999, pet. denied);
White v. Cole, 880 S.W.2d 292, 294 (Tex. App.--Beaumont 1994, writ denied). To hold
otherwise would give pro se litigants an unfair advantage over litigants represented by counsel. 
Shull, 4 S.W.3d at 53. The rules of procedure are readily accessible and are intended to help
clarify issues, expedite resolutions, and ensure accurate decisions. Tex. R. Civ. P. 1; In re
Caldwell, 918 S.W.2d 9, 10 (Tex. App.--Amarillo 1995, no writ). The State argues that
S.M.G.'s points of error are too general for appellate review and urges this Court to affirm the
judgment on that basis. While we agree that S.M.G.'s points are general, in the interest of justice,
we will review his points of error individually and to the extent allowed by the record before us.
2. Delinquent conduct is conduct that violates a state or federal penal law and is punishable by
imprisonment or confinement in jail. Tex. Fam. Code Ann. § 51.03(a)(1) (West Supp. 2000). 
Violation of a lawful court order also is delinquent conduct. Id. § 51.03(b). 
3. Although separate adjudication for the acts constituting violations is not before us, we note
that possession of a controlled substance is also a penal offense, and that this offense as well as
each violation of the court's probation order could be grounds for additional adjudication of
delinquent conduct. See Tex. Fam. Code Ann. § 51.03.


im to return home, and that he could not be provided the quality of
care and level of support and supervision he needs to meet his probation while living at home. 
Tex. Fam. Code. Ann. § 54.04(i); In re C.C., 13 S.W.3d at 858; In re B.M., 1 S.W.3d at 209. 
S.M.G. has not demonstrated that those findings were unsupported by evidence or otherwise
incorrect or that the juvenile court abused its discretion in committing him to TYC for probation
violations. In re C.C., 13 S.W.3d at 858-59; In re S.A.M., 933 S.W.2d 744, 746 (Tex.
App.--San Antonio 1996, no writ). We overrule S.M.G.'s first point of error.(3)

 In his second, third, sixth, and seventh points of error, S.M.G. argues the alleged
probation violations were not sufficiently proven in the record. As discussed above, we are
constrained to review these points of error based solely upon the record before us and, without a
reporter's record, we are bound by the juvenile court's findings. In re S.A.M., 933 S.W.2d at
746; Sandles v. State, 887 S.W.2d 252, 254 (Tex. App.--Beaumont 1994, no pet.); see In re
A.R.A., 898 S.W.2d at 16. S.M.G. has not demonstrated that the alleged probation violations
were not sufficiently proven by the record. We overrule his second, third, sixth, and seventh
points of error.

 Finally, in his eighth point of error, S.M.G. asserts that in sending him to TYC,
the juvenile court ignored the letter and spirit of House Bill 2947 (HB 2947), which S.M.G. claims
is intended to limit when a child adjudicated delinquent for a misdemeanor offense may be
committed to TYC. HB 2947 amended section 54.04 of the Family Code effective September 1,
1999; the amended statute was effective at the time of S.M.G.'s November 1999 disposition
hearing. Act of Sept. 1, 1999, 76th Leg., R.S., ch. 1448, § 1, 1999 Tex. Gen. Laws 4919, 4920. 
Amended section 54.04 added further requirements that must be met before a child may be
removed from his or her home after being adjudicated delinquent. The juvenile court met the new
requirements of section 54.04 when it found in its order sending S.M.G. to TYC that it was in
S.M.G.'s best interests to be placed outside his home, that reasonable efforts had been made to
avoid such placement and to return him home, and that he could not receive the care, support, and
supervision necessary to complete his probation. Tex. Fam. Code Ann. § 54.04(i). S.M.G. has
not shown the juvenile court abused its discretion or violated the letter or the spirit of the amended
statute in sending him to TYC. We overrule his eighth point of error.

 Having overruled S.M.G.'s eight points of error, we affirm the juvenile court's
order placing him in TYC's custody.

 


 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: October 5, 2000

Do Not Publish