TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00200-CV






In the Matter of D. L.










FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-16,382, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 






 After waiving his right to a jury trial, D.L., a juvenile, was adjudicated delinquent
for possessing less than one gram of cocaine. See Tex. Fam. Code Ann. § 54.03 (West Supp.
2001). The district court, sitting as the juvenile court of Travis County, ordered D.L. committed
to the care, custody, and control of the Texas Youth Commission for an indeterminate period. 
By one point of error, D.L. challenges the juvenile court's order. We will affirm.


BACKGROUND

 The details of D.L.'s offense are not in dispute. The State filed an original petition
alleging that D.L. engaged in delinquent conduct by committing the offense of possessing a
controlled substance, cocaine, in the amount of less than one gram and sought a determinate
sentence. D.L. pleaded true to the allegation.

 At the disposition hearing, the State presented no witnesses. D.L. presented the
testimony of two probation officers, Veronica Carrillo and Jaime Mata. The juvenile court also
considered the probation officer's court summary, a psychological report, and a psychiatric
evaluation. The court then committed D.L. to the Texas Youth Commission (TYC) for an
indeterminate period.


DISCUSSION

 By a multifarious single point of error, D.L. complains that the juvenile court
abused its discretion in committing him to the TYC for an indeterminate sentence because (1)
there was no evidence to support the juvenile court's finding that the requirements set forth in
section 54.04(i) of the Family Code were satisfied; (2) there was no evidence that drug treatment
programs were not sufficient to meet D.L.'s needs; (3) there was no evidence that the protection
of society required that D.L. be committed to the TYC; and (4) the juvenile court failed to follow
the Progressive Sanctions Guidelines.

 The juvenile court may commit a juvenile to TYC if it makes the following
findings:


(1) it is in the child's best interest to be placed outside the child's home; (2)
reasonable efforts were made to prevent or eliminate the need for the child's
removal from the home and to make it possible for the child to return to the child's
home; and (3) the child, in the child's home, cannot be provided the quality of care
and level of support and supervision that the child needs to meet the conditions of
probation.


Tex. Fam. Code Ann. § 54.04(i) (West Supp. 2001).

 A juvenile court's findings are reviewable for legal and factual sufficiency of the
evidence. In re C.C., 13 S.W.3d 854, 857 (Tex. App.--Austin 2000, no pet.). In reviewing for
legal sufficiency, we view the evidence in the light most favorable to the juvenile court's findings
and determine whether any rational trier of fact could have found the elements of the statutory
requirements proven beyond a reasonable doubt. Id. A factual sufficiency review requires us to
consider and weigh all the evidence and determine if the findings are so against the great weight
and preponderance of the evidence as to be manifestly unjust. Id.

 In support of the juvenile court's finding that it is in D.L's best interest to be placed
outside of the home, the court was presented with evidence that D.L. had exhibited violent or
aggressive outbursts at home. According to the reports before the juvenile court, D.L. had
previously participated in a series of structured programs during his stay at the Leadership
Academy, a secure juvenile facility, and had a history of assaultive behavior while there. 
Although he successfully completed the program, following his release from the facility D.L. had
discipline and attendance problems at school, lost his job, and had additional aggressive outbursts
at home. Moreover, both probation officers recommended that D.L. would benefit most from a
highly structured environment, such as the TYC. Indeed, the evidence before the juvenile court
demonstrated that D.L.'s conduct improved most while he was in the Leadership Academy, a
more structured environment than his home.

 Similarly, the juvenile court reviewed sufficient evidence to conclude that
reasonable efforts were made to prevent or eliminate the need for D.L.'s removal from the home
and to make it possible for him to return home. First, Mata testified that he had worked with
D.L. throughout D.L.'s participation in the Leadership Academy and continued to visit with D.L.
and his parents even after D.L. completed his stay at the Academy. D.L. argues that the juvenile
court should have considered a drug treatment program as an alternative to TYC. However, the
record suggests that the juvenile court considered evidence indicating that D.L.'s problems did
not stem from his drug use alone. While at the Leadership Academy, D.L. had no access to drugs
and yet he continued to exhibit signs of aggressive or violent conduct.

 The evidence also sufficiently supports the finding that D.L.'s home situation
cannot provide him the quality of care and level of support and supervision that he needs to meet
the conditions of probation. Although D.L.'s parents were active participants during his treatment
at the Leadership Academy, the evidence demonstrates that D.L.'s conduct worsened while living
at home following his discharge from the Leadership Academy. According to the probation
officer's report, D.L.'s parents lacked control over him. Indeed, the evidence shows that D.L.
had recently been arrested for assaulting a family member. 

 Finally, D.L. argues that no evidence existed showing that the protection of society
required that he be committed to the TYC. Section 54.04(c) of the Family Code provides in
pertinent part: "No disposition may be made under this section unless the child is in need of
rehabilitation or the protection of the public or the child requires that disposition be made." Tex.
Fam. Code Ann. § 54.04(c) (West Supp. 2001) (emphasis added). The juvenile court need only
make one of the findings set out in section 54.04(c). In re S.A.M., 933 S.W.2d 744, 745 (Tex.
App.--San Antonio 1996, no writ). In this case, the juvenile court determined that D.L. was in
need of rehabilitation and that the protection of the public requires a disposition. According to
the juvenile court's order, D.L. would not accept parental supervision and has demonstrated a
disregard for all authority. Moreover, the juvenile court was presented with evidence that D.L.
had previously committed assaults. This evidence is both legally and factually sufficient to
support the juvenile court's determinations.

 Once a juvenile court makes the findings required by Texas Family Code section
54.04, its discretion to determine disposition attaches. In re C.C., 13 S.W.3d at 857 (quoting In
re J.R., 907 S.W.2d 107, 110 (Tex. App.--Austin 1995, no writ)). We will not disturb the
juvenile court's disposition absent an abuse of that discretion. In re M.S., 940 S.W.2d 789, 791
(Tex. App.--Austin 1997, no writ). A juvenile court abuses its discretion "when it acts in an
unreasonable and arbitrary manner, or without reference to any guiding rules or principles." In
re C.C., 13 S.W.3d at 857 (citing Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)). We will
not reverse the juvenile court's order for an abuse of discretion merely because we disagree with
the court's decision. Id. The juvenile court need not document evidentiary support for the
findings in its order. In re M.S., 940 S.W.2d at 792. 

 D.L. argues the court abused its discretion by failing to follow the Progressive
Sanctions Guidelines. See Tex. Fam. Code Ann. § 59.003 (West Supp. 2001). As we stated in
In re C.C., the Family Code prohibits a juvenile from complaining on appeal about the court's
failure to follow the Progressive Sanctions Guidelines. 13 S.W.3d at 857; Tex. Fam. Code Ann.
§ 59.014(2), (3) (West Supp. 2001). In addition, the Family Code specifically states that the
guidelines are not mandatory. Tex. Fam. Code Ann. § 59.003(3) (West Supp. 2001). We hold
the juvenile court did not abuse its discretion in ordering D.L. committed to the TYC for an
indeterminate period.


CONCLUSION

 Having overruled appellant's single point of error, we affirm the juvenile court's
disposition order.

 

 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson.

Affirmed

Filed: April 12, 2001

Do Not Publish



 a
more structured environment than his home.

 Similarly, the juvenile court reviewed sufficient evidence to conclude that
reasonable efforts were made to prevent or eliminate the need for D.L.'s removal from the home
and to make it possible for him to return home. First, Mata testified that he had worked with
D.L. throughout D.L.'s participation in the Leadership Academy and continued to visit with D.L.
and his parents even after D.L. completed his stay at the Academy. D.L. argues that the juvenile
court should have considered a drug treatment program as an alternative to TYC. However, the
record suggests that the juvenile court considered evidence indicating that D.L.'s problems did
not stem from his drug use alone. While at the Leadership Academy, D.L. had no access to drugs
and yet he continued to exhibit signs of aggressive or violent conduct.

 The evidence also sufficiently supports the finding that D.L.'s home situation
cannot provide him the quality of care and level of support and supervision that he needs to meet
the conditions of probation. Although D.L.'s parents were active participants during his treatment
at the Leadership Academy, the evidence demonstrates that D.L.'s conduct worsened while living
at home following his discharge from the Leadership Academy. According to the probation
officer's report, D.L.'s parents lacked control over him. Indeed, the evidence shows that D.L.
had recently been arrested for assaulting a family member. 

 Finally, D.L. argues that no evidence existed showing that the protection of society
required that he be committed to the TYC. Section 54.04(c) of the Family Code provides in
pertinent part: "No disposition may be made under this section unless the child is in need of
rehabilitation or the protection of the public or the child requires that disposition be made." Tex.
Fam. Code Ann. § 54.04(c) (West Supp. 2001) (emphasis added). The juvenile court need only
make one of the findings set out in section 54.04(c). In re S.A.M., 933 S.W.2d 744, 745 (Tex.
App.--San Antonio 1996, no writ). In this case, the juvenile court determined that D.L. was in
need of rehabilitation and that the protection of the public requires a disposition. According to
the juvenile court's order, D.L. would not accept parental supervision and has demonstrated a
disregard for all authority. Moreover, the juvenile court was presented with evidence that D.L.
had previously committed assaults. This evidence is both legally and factually sufficient to
support the juvenile court's determinations.

 Once a juvenile court makes the findings required by Texas Family Code section
54.04, its discretion to determine disposition attaches. In re C.C., 13 S.W.3d at 857 (quoting In
re J.R., 907 S.W.2d 107, 110 (Tex. App.--Austin 1995, no writ)). We will not disturb the
juvenile court's disposition absent an abuse of that discretion. In re M.S., 940 S.W.2d 789, 791
(Tex. App.--Austin 1997, no writ). A juvenile court abuses its discretion "when it acts in an
unreasonable and arbitrary manner, or without reference to any guiding rules or principles." In
re C.C., 13 S.W.3d at 857 (citing Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)). We will
not reverse the juvenile court's order for an abuse of discretion merely because we disagree with
the court's decision. Id. The juvenile court need not document evidentiary support for the
findings in its order. In re M.S., 940 S.W.2d at 792. 

 D.L. argues the court abused its discretion by failing to follow the Progressive
Sanctions Guidelines. See Tex. Fam. Code Ann. § 59.003 (West Supp. 2001). As we stated in
In re C.C., the Family Code prohibits a juvenile from complaining on appeal about the court's
failure to follow the Progressive Sanctions Guidelines. 13 S.W.3d at 857; Tex. Fam. Code Ann.
§ 59.014(2), (3) (West Supp. 2001). In addition, the Family Code specifically states that the
guidelines are not mandatory. Tex. Fam. Code Ann. § 59.003(3) (West Supp. 2001). We hold
the juvenile court did not abuse its discretion in ordering D.L. committed to the TYC for an
indeterminate period.


CONCLUSION