In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-182 CR


____________________



MERRICK JOHN GALLIEN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 81680






O P I N I O N


 Merrick John Gallien pleaded guilty without a plea agreement to aggravated sexual
assault of a child. The trial court sentenced Gallien to sixty years' confinement in the
Texas Department of Criminal Justice, Institutional Division. Gallien filed a motion for
reconsideration of sentence. Following a hearing, the trial court granted the motion and
entered a judgment nunc pro tunc reducing the sentence to thirty years. Gallien appeals
claiming he received ineffective assistance of counsel.

 In his brief, Gallien acknowledges he was properly admonished at the time he
pleaded guilty. Below, Gallien was represented by two different attorneys. His attorney
did not appear at the plea hearing, another attorney stood in for him. That attorney was
also standing in at the sentencing hearing. At that hearing, Gallien indicated he wished to
withdraw his guilty plea, the trial court refused to permit it. The trial court continued the
sentencing hearing until the afternoon when Gallien's counsel could attend. At the
continued hearing, counsel stated it was not Gallien's desire to withdraw his plea. Gallien
answered, "No" when asked by the trial court if he desired to withdraw his plea. 

 On appeal, he contends counsel below "failed to investigate issues brought to light
by the pre-sentence report." (1) Specifically, that Gallien failed his literacy test, and scored
one of the lowest scores on the Static 99 (the test to determine the risk of re-offending). 
Also, that Gallien suffered a head injury which may have affected his memory at or near
the time he was questioned by the police. Appellate counsel argues that once the issue of
the head injury arose, counsel had a duty to investigate it. These issues were all raised by
the attorney standing in for Gallien's counsel during the sentencing hearing. Once the
hearing was continued, Gallien's counsel appeared but did not raise any of these issues. 
The only evidence offered by Gallien's counsel was the testimony of the victim's
grandmother. 

 Appellate counsel contends:


 It appears plainly from the record that the two attorney's did not
communicate properly to the detriment of their client. It also appears that
the pre-sentence report was not reviewed until the day of sentencing. The
hearing on the Motion for Rehearing or New Trial reflects that trial counsel
was not aware of several factors in the report until having an opportunity to
review the report at length. After having this opportunity, the record does
not reflect that any of these avenues were explored. 


We find the record supports counsel's contentions. At the hearing on the Motion for
Rehearing or New Trial, Gallien's counsel contended the sentence was too harsh because
of: (1) Gallien's lack of criminal history, and (2) the substantial family support that Gallien
has available. Counsel said he "did not learn until we came up for sentencing" that Dr.
Coxe had evaluated Gallien. Counsel felt the evaluation "was very detrimental to my
client in the presentence investigation report and I had no way to rebut it." Counsel also
told the court he was not aware that Gallien failed his adult basic literacy test as performed
by the adult probation department, though it was clearly stated in the presentence
investigation report. Counsel stated that as he was not present when Gallien signed his
plea papers, he could not testify to the court that those papers were completely read to
Gallien, or that he understood exactly what it was that he was signing. However, counsel
also stated "that under different circumstances that plea may have been done somewhat
differently, although I do still anticipate that the plea would have been entered." 

 To be ineffective, counsel's performance must fall below an objective standard of
reasonableness under prevailing professional norms and there must be a reasonable
probability that but for counsel's deficient performance the result of the proceeding would
have been different. Valencia v. State, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997). 
Allegations of ineffective assistance will only be sustained if they are firmly founded in the
record. Sandles v. State, 887 S.W.2d 252, 254 (Tex. App.--Beaumont 1994, no pet.). Although there appears to be no acceptable explanation for trial counsel's failure
to be aware of issues raised in the presentencing investigation report, particularly since the
attorney standing in for him was aware of them, we cannot say, on the record before this
court, that "but for" that lapse the result would have been different. The report is not part
of the appellate record, thus we cannot verify its damaging nature. Further, there is no
evidence in the record that it would have been possible to rebut Dr. Coxe's evaluation. 
Gallien was orally admonished, the trial court did not rely solely upon written
admonishments. The trial court did reduce Gallien's sentence in half; the record does not
reflect the reasons. Considering the whole, we are unable to conclude that but for
counsel's deficient performance, the outcome would have differed. Point of error one is
overruled. The judgment of the trial court is AFFIRMED. 

 PER CURIAM

Submitted on March 4, 2002 

Opinion Delivered March 13, 2002

Do not publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. The presentencing investigation report is not part of the record on appeal.