NUMBER 13-06-183-CR 



COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOE ANTHONY DELEON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court 

of DeWitt County, Texas

 


MEMORANDUM OPINION


 Before Justices Yañez, Benavides and Vela

 Memorandum Opinion by Justice Vela

 

 A jury convicted appellant, Joe Anthony DeLeon, of aggravated assault with a
deadly weapon and assessed punishment at twenty years in prison, plus a $10,000
fine. By four issues, he complains of Confrontation Clause violations, denial of a
request for a continuance, ineffective assistance of trial counsel, and that potential
jurors withheld information. We affirm. 

BACKGROUND


 On December 27, 2003, Lupe DeLeon and her husband, the appellant, were at
home in Cuero, Texas. Lupe was asleep on the couch when appellant told her to get
up and fix him something to eat. While she fixed his meal, they had a verbal
confrontation. After about ten minutes, he hit her a few times on the head with a
glass. She testified that after he hit her, he began "pressing it [the glass] in my
buttocks to insinuate a sexual act." She stated that he got behind her, put a steak
knife to her throat, and said that "[H]e was my God and he could take my life if he
wanted to." She also testified that when she "felt the knife cutting," she "jerked
back," and the knife cut her "in the front." After cutting her, he knocked her to the
floor. While she was face down on the floor, he "pierced" her back four times with
the knife.

CONFRONTATION CLAUSE CLAIMS


 By issue one, appellant contends the trial court violated his Sixth Amendment
right to confront his accuser when it limited his cross-examination of Lupe DeLeon. 
See U.S. Const. Amend. VI. First, he argues the trial court violated his confrontation
rights when it kept him from questioning her about an "alleged affair."

 After the State passed Lupe DeLeon as a witness, the trial court let defense
counsel question her, outside the jury's presence, about what she said to the police
about this assault. Her answers to counsel's questions indicated that her alleged affair
was a part of the argument which preceded this assault.

 The State's objection to the proffered testimony was that "[T]his affair, if it did exist,
has no relevancy to this charge and it is inflammatory. It will inflame the jury against this
witness." Defense counsel responded, "I would also advise the Court that in . . . [Lupe
DeLeon's] statement [to the police], it's also part of the police department, she does
answer questions in regard to, 'Has this person hurt you before?' 'Yes.' 'What did he do
before?' So we have issues about prior conduct that are in the police report." The trial
court excluded this testimony from the jury. Counsel, however, made no objection or
argument to the trial court that its exclusion of this testimony violated appellant's
confrontation rights.

 Rule 33.1 provides that as a prerequisite to presenting a complaint for appellate
review, the record must show that the party "stated the grounds for the ruling that
[he] sought from the trial court with sufficient specificity to make the trial court aware
of the complaint." Tex. R. App. P. 33.1(a)(1). Because appellant neither argued nor
objected that the Confrontation Clause demanded admission of the testimony, the trial
court never had the opportunity to rule based upon this rationale. Therefore, he has
failed to preserve the complaint for appellate review. See Id.; Reyna v. State, 168
S.W.3d 173, 179-80 (Tex. Crim. App. 2005) (when trial court excludes defendant's
proffer of evidence, Confrontation Clause error is waived unless defendant argued to
trial court that Confrontation Clause demanded admission of excluded evidence); Dixon
v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998) (to preserve error for appellate
review, complaining party must make timely, specific objection).

 Next, appellant argues the trial court violated his right to confront his accuser
when it precluded questions of Lupe DeLeon regarding her medical history and suicide
attempt. Appellant has not provided record references showing where the trial court
precluded questions about these topics. However, during her cross-examination,
defense counsel questioned her about whether she had attempted suicide. She
answered in the affirmative. Additionally, appellant fails to cite any place in the record
where the trial court presented cross-examination on medical history. Accordingly,
there is no Confrontation Clause issue because the trial court did not prevent cross-examination on these topics. 

 Lastly, appellant argues the trial court violated his right to confront his accuser
when it limited the duration of his cross-examination of Lupe DeLeon without regard
to the subject matter of the remaining questions. Specifically, he argues that this error
occurred "during the trial on January 31, 2006" (the guilt-innocence phase). During
the guilt-innocence phase, defense counsel conducted lengthy cross-examination of
DeLeon and afterwards passed her subject to recall. Our review of the record
pertaining to the guilt-innocence phase does not show that the trial court limited the
duration of DeLeon's cross-examination. Further, the record does not show that the
trial court prevented counsel from recalling her as a witness. Based upon the state of
the record, the trial court did not place a time limit on the duration of her cross-examination at the guilt-innocence phase.

 At the punishment phase, the trial court told defense counsel to "wrap-up his
cross [of Lupe DeLeon] within the next 15 minutes." Counsel neither objected nor
argued that the trial court was violating appellant's confrontation rights. Therefore,
error, if any, is not preserved for review. Tex. R. App. P. 33.1; Reyna, 168 S.W.3d at
179-80; Dixon, 2 S.W.3d at 265. Issue one is overruled.

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL


 In issue two, appellant complains of ineffective assistance of trial counsel. To
prevail on this claim, appellant must show that (1) counsel's performance was
deficient by falling below an objective standard of reasonableness and (2) there is a
probability sufficient to undermine the confidence in the outcome that, but for
counsel's unprofessional errors, the result of the proceeding would have been
different. Strickland v. Washington, 466 U.S. 668, 687 (1984); Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002). We "indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable assistance," and that "the
challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at
689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

 Appellate review of defense counsel's representation is highly deferential and
presumes that counsel's actions fell within the wide range of reasonable and
professional assistance. Strickland, 466 U.S. at 690. The defendant must overcome
this presumption. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.-Houston [1st
Dist.] 1996, no pet.). The defendant bears the burden of proving by a preponderance
of the evidence that counsel was ineffective. Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).

1. Failure to Obtain Rulings on Pretrial Motions

 Appellant initially contends trial counsel was ineffective in failing to obtain
rulings on his pre-trial motions. The pre-trial motions included in the appellate record
are a motion for hybrid representation and a motion in limine. However, he does not
state how the result of the proceeding would have been different had counsel obtained
rulings on any of the pre-trial motions. See Strickland, 466 U.S. at 687; Bone, 77
S.W.3d at 833. At the new-trial hearing, counsel's testimony showed that because
the district attorney's office had an open-file policy, which applied to this case,
defense attorneys "normally all receive far more [discovery] than they would if . . .
each element had to be ruled on by the Court." Counsel indicated the open-file policy
provided defense attorneys with offense reports, witness statements, criminal records
of prospective witnesses, and the ability to review and observe photographs and/or
physical evidence. Thus, counsel's decision not to pursue the pre-trial motions to a
ruling could have been part of his trial strategy because rulings on the motions may not
have assisted with the defense. See Mares v. State, 52 S.W.3d 886, 891 (Tex.
App.-San Antonio 2001, pet. ref'd). Further, the record does not demonstrate that
counsel's failure to obtain rulings on his pre-trial motions was due to his
ineffectiveness. See Thompson, 9 S.W.3d at 813 (any allegation of ineffectiveness
must be firmly founded in record which must affirmatively demonstrate alleged
ineffectiveness).

2. Trial Counsel Failed to Preserve Error When Trial Court Unilaterally Terminated the 
Victim's Cross-Examination


 Appellant contends trial counsel was ineffective because he failed to object
when the trial court limited the time he could cross-examine Lupe DeLeon. As
previously stated, the trial court did not limit the duration of her cross-examination at
the guilt-innocence phase. The court, without objection, did limit the duration of her
cross-examination at the punishment phase. Assuming counsel erred by not making
a Confrontation Clause objection, appellant does not show that there is a probability
sufficient to undermine the confidence in the outcome that, but for counsel's
unprofessional error, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 687; Bone, 77 S.W.3d at 833. Issue two is overruled.

VOIR DIRE EXAMINATION


 By issue three, appellant argues potential jurors withheld or misrepresented
material information during voir dire examination. He states that during a break from
voir dire, two persons saw Lupe DeLeon talking to some of the potential jurors outside
the courtroom. When voir dire resumed, trial counsel asked the venire members if they
had spoken with DeLeon during the break. No one admitted to speaking with her.

 The record does not reflect that DeLeon spoke to potential jurors during the
break or otherwise. However, assuming she did speak to potential jurors, the record
does not reveal their names, what she allegedly told them, or whether these potential
jurors were seated on the jury. Therefore, we cannot say that any potential juror
withheld information or that impartial jurors served on the jury. See Sandles v. State,
887 S.W.2d 252, 254 (Tex. App.-Beaumont 1994, no pet.) (allegations must be
supported by record to be considered on appeal). Issue three is overruled.

DENIAL OF CONTINUANCE


 By issue four, appellant argues the trial court erred by denying his oral request
for a continuance. Trial began on Monday, January 30, 2003. On Friday, January
27th, the State (1) indicted him for retaliation, and (2) faxed to trial counsel numerous
documents concerning the present case. On the day of trial, counsel requested a
continuance claiming he needed more time to examine the faxed documents and to
discuss the new indictment with appellant. The trial court denied the request.

 A trial court's decision to deny an oral motion for continuance will only be
overturned if there was a clear abuse of discretion. Munoz v. State, 24 S.W.3d 427,
431-32 (Tex. App.-Corpus Christi 2000, no pet.). Trial counsel's testimony at the
new-trial hearing showed that (1) he either had copies of, or had previously seen,
virtually all of the documents prior to the time they were faxed to him, and (2) these
documents did not include evidence relating to the underlying offense. Further, there
is nothing to show that the new indictment had any effect on counsel's ability to
prepare for trial in this case. Appellant was not tried on the retaliation indictment
during the trial of the present case. Accordingly, appellant has failed to demonstrate
how a continuance would have changed the outcome of the trial. See Munoz, 24
S.W.3d at 432. We hold, therefore, that the trial court did not clearly abuse its
discretion by denying the continuance. Issue four is overruled.

 The trial court's judgment is affirmed. 

 

 ROSE VELA

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 29th day of March, 2007.